# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


BILLY C. LOONEY;
GOODWIN & HERMAN ASSOCIATES, LLC,
an Arkansas Limited Liability Company; and
SILOAM MINERALS, LLC                                                                    PLAINTIFFS

v.                                        Case No.: 2:15-CV-02108-TLB

CHESAPEAKE ENERGY CORPORATION, an
Oklahoma Corporation; CHESAPEAKE OPERATING,
L.L.C., formerly doing business as CHESAPEAKE
OPERATING, INC., an Oklahoma Corporation;
CHESAPEAKE EXPLORATION, L.L.C., an Oklahoma
Limited Liability Company; and CHESAPEAKE ENERGY
MARKETING, L.L.C., formerly doing business as
CHESAPEAKE ENERGY MARKETING, INC., an
Oklahoma Corporation                                                                    DEFENDANTS

## CLASS ACTION SETTLEMENT AGREEMENT

This CLASS ACTION SETTLEMENT AGREEMENT ("SETTLEMENT AGREEMENT") is entered by, between, and among, Billy C. Looney, Goodwin & Herman Associates, LLC, and Siloam Minerals, LLC ("Plaintiffs"), on behalf of themselves and as proposed class representatives for the Settlement Class defined below; and Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., Chesapeake Exploration, L.L.C., and Chesapeake Energy Marketing, L.L.C., ("Defendants").

This Settlement Agreement is entered to effect a full and final settlement and dismissal with prejudice of all claims asserted against Defendants in the above-captioned litigation on the terms set forth below, subject to the approval of the Court.

## RECITALS

A.       Plaintiffs allege to be lessors on certain leaseholds in the State of Arkansas. Plaintiffs have alleged that Defendants underpaid royalties due to Plaintiffs and the Class. Defendants have denied Plaintiffs' claims and asserted numerous affirmative defenses.

B.       Class Counsel and Defendants have engaged in arm's length negotiations to resolve this dispute without the need for further litigation.  Plaintiffs and Class Counsel have concluded that it would be in the best interests of Plaintiffs and the Settlement Class to enter into this Settlement Agreement to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure to the Settlement Class Members a benefit that is fair and reasonable

under the circumstances.  Similarly, Defendants have concluded that, despite their belief that they are not liable for the claims asserted and have good defenses thereto, and without admission of any wrongdoing of any kind, they will enter into this Settlement Agreement in order to avoid the time, expense and uncertainty of protracted litigation.

C.      While Defendants believe this Settlement Agreement can and should be approved to avoid the time, expense and uncertainty of protracted litigation, in the event that this Settlement Agreement does not receive final approval from the Court or is terminated according to its terms, Defendants expressly reserve the right to challenge class certification and reserve their other defenses.

D.      In light of the investigations undertaken and conclusions reached by the Parties and discussed above, Plaintiffs and Defendants have agreed, subject to approval by the Court, to fully and finally compromise, settle, extinguish and resolve the Settled Claims and to dismiss with prejudice the *Looney* case under the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT FOR SETTLEMENT PURPOSES ONLY

This Settlement Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in, this Settlement Agreement, nor any negotiations or proceedings related thereto, nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by Plaintiffs in the *Looney* case or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or any admission by Defendants of any claim or allegation made in any action or proceeding against Defendants or as a waiver of any applicable defense, including, without limitation, any applicable statute of limitations.  This Settlement Agreement and its exhibits shall not be offered or be admissible in evidence against Plaintiffs or Defendants or the Settlement Class Members in any action or proceeding in any forum for any purpose whatsoever, except any action or proceeding brought to enforce its terms.

## AGREEMENT

In consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Defendants and Plaintiffs, on behalf of themselves and as the class representatives of the Settlement Class, hereby contract, covenant and agree that the Settled Claims be fully resolved, settled, compromised, extinguished and dismissed on the merits and with prejudice, subject to the approval of the Court, on the following terms and conditions:

1.      Definitions.  When used in this Settlement Agreement and any of its exhibits, unless otherwise specifically indicated, the following terms shall have the respective meanings assigned to them in this paragraph 1:

1.1      "Administrative Costs" means expenses incurred in carrying out the terms of the Settlement Agreement, including fees and expenses of any notice experts or claims administrators who may present affidavits or testimony at the preliminary approval hearing

and/or final fairness hearing; and fees and expenses of the Settlement Administrator in administering and carrying out the terms of the Settlement Agreement, including expenses for printing and mailing of the Settlement Notice, post office box rental costs, responding to inquiries by persons receiving or reading the Settlement Notice, establishing and maintaining the Escrow Account, and implementing the Plan of Administration, and fees of the Tax Administrator. Administrative Costs shall not include Litigation Expenses, nor fees of Class Counsel or other attorneys.

   1.2 "Arkansas" means the State of Arkansas.

   1.3 "Arkansas Lease" means an oil and gas lease that (a) covers a leasehold located in Arkansas, and (b) is or has been owned, in whole or in part, by Chesapeake as a lessee, according to the business records maintained by Chesapeake.

   1.4 "Chesapeake" means Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., Chesapeake Operating, Inc., Chesapeake Exploration, L.L.C., Chesapeake Energy Marketing, L.L.C., Chesapeake Energy Marketing, Inc., Chesapeake Midstream Partners, L.P. and Chesapeake Midstream Gas Services, LLC.

   1.5 "Class Counsel" means the following attorneys:

| | |
|---|---|
| Thomas P. Thrash | Larry D. Moffett |
| Marcus N. Bozeman | Daniel Coker Horton |
| Thrash Law Firm, P.A. |   & Bell, P.A. |
| 1101 Garland Street | P. O. Box 1396 |
| Little Rock, AR 72201 | Oxford, MS 38655-1396 |
| | |
| Don Barrett | David S. Stellings |
| Katherine Barrett Riley | Daniel E. Seltz |
| David M. McMullan, Jr. | Lieff, Cabraser, Heimann & |
| Barrett Law Group | Bernstein, L. L. P. |
| Post Office Drawer 927 | 250 Hudson St., 8th Floor |
| Lexington, MS 39095 | New York, NY 10013 |
| | |
| Steven Shults | Matthew H.P. Warner |
| Debra Brown | Graves Warner PLC |
| Shults & Brown, LLP | 1901 Napa Valley Drive |
| 200 West Capitol Avenue | Little Rock, AR 72212 |
| Suite 1600 | |
| Little Rock, AR 72201-3637 | |

   1.6 "Class Period" means March 6, 2008, through March 31, 2016.

   1.7 "Court" means the United States District Court for the Western District of Arkansas, Fort Smith Division.

1.8    "Defendants" means Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., Chesapeake Exploration, L.L.C., and Chesapeake Energy Marketing, L.L.C.

1.9    "Defendants' Counsel" means the following attorneys:

Lyn Pruitt                          Fred R. Gipson
John Keeling Baker                  Chesapeake Energy Corporation
Adria Conklin                       6100 N. Western
Mitchell, Williams, Selig,          Oklahoma City, OK 73118
Gates & Woodyard, P.L.L.C.
425 W. Capitol Ave., Ste. 1800
Little Rock, AR 72201

1.10    "Effective Date" shall be the date when each and all of the following conditions have occurred:

1.10.1    The Settlement Agreement has been fully executed by all the Parties and their counsel;

1.10.2    The Preliminary Approval Order has been entered by the Court certifying a Settlement Class, granting preliminary approval of this Settlement Agreement, and approving the Settlement Notice;

1.10.3    The Court-approved Settlement Notice has been mailed as ordered by the Court;

1.10.4    The Court has approved and entered the Final Judgment, thereby approving this Settlement Agreement and dismissing the Settled Claims with prejudice; and

1.10.5    That Final Judgment becomes Final as defined in paragraph 1.14.

1.11    "Escrow Account" means the escrow account established under the Escrow Agreement.

1.12    "Escrow Agreement" means the escrow agreement between the Parties substantially conforming to the form attached hereto as Exhibit D.

1.13    "Excluded Member" means any member of the Settlement Class who elects to be excluded from the Settlement Class and submits a valid Request for Exclusion.

1.14    "Final" means that (a) the Final Judgment is a final, appealable judgment order; and (b) either (i) no appeal has been taken from the Final Judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the Final Judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such

appeal or other review has been finally resolved in such manner that affirms the Final Judgment in all material respects.

1.15    "Final Judgment" means the Final Judgment and Order of Dismissal to be entered by the Court in the form attached hereto as Exhibit C upon final approval of the Settlement, as provided in paragraph 6 of this Settlement Agreement. It is understood and agreed that the Final Judgment shall have no *res judicata*, collateral estoppel, or other preclusive effect as to any claims other than the Settled Claims.

1.16    "Gas" means natural gas and associated liquid hydrocarbons, but does not include oil, condensate or other liquid hydrocarbons recovered by mechanical separators at or near the wellhead.

1.17    "Incentive Award Payment" means the amount of any class representative incentive award granted by the Court to Plaintiffs.

1.18    "Including" and "include(s)" mean "including or include(s), without limitation."

1.19    "Litigation Expenses" means expenses incurred by Plaintiffs or Class Counsel in pursuing the *Looney* case and/or preparing and presenting to the Court the Settlement Agreement, including expert witness fees, consultant fees, investigation expenses, deposition expenses, copying charges, long distance telephone calls, fax charges, computer research charges, travel expenses, and court costs.

1.20    "*Looney*" and "*Looney* case" means the civil action styled *Billy C. Looney, Goodwin & Herman Associates, LLC, and Siloam Minerals, LLC v. Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., Chesapeake Exploration, L.L.C., and Chesapeake Energy Marketing, L.L.C.*, Civil Action No. 2:15-CV-02108-TLB on the docket of the United States District Court for the Western District of Arkansas, Fort Smith Division; and/or the predecessor case of *Canaan Wildlife Preserve, Inc., Fred and Willena Herman; Billy C. Looney; Janet K. Speare; Joseph Flanagan; and Siloam Minerals, LLC v. Chesapeake Energy Corporation, Chesapeake Operating, Inc., Chesapeake Energy Marketing, Inc., Chesapeake Midstream Operating, LLC, Arkansas Midstream Gas Services Corp., Chesapeake Midstream Gas Services, LLC, BP America Production Company, BP Energy Company, BHP Billiton Petroleum (Fayetteville), LLC, BHP Billiton Petroleum (Arkansas), Inc., and BHP Billiton Marketing, Inc.*, Case No. 2:13-CV-02064-TLB on the docket of the United States District Court for the Western District of Arkansas, Fort Smith Division.

1.21    "Parties" means Plaintiffs and Defendants.

1.22    "Plaintiffs" means Billy C. Looney, Goodwin & Herman Associates, LLC, and Siloam Minerals, LLC, named plaintiffs in the *Looney* case.

1.23    "Plan of Administration" means the Plan of Administration and Distribution as set forth in Exhibit E hereto, describing the specific procedures and processes for the administration, allocation, and distribution of the Settlement Payment.

- 5 -

1.24    "Plan of Allocation" means the methodology pursuant to which the Settlement Payment will be allocated among the Settlement Class Members as provided in paragraph 1 of the Plan of Administration.

1.25    "Preliminary Approval Order" means the order entered by the Court pursuant to paragraph 3 below and in the form attached as Exhibit A, preliminarily approving the Settlement, approving the form and manner of the Settlement Notice, and setting a date certain for the settlement fairness hearing.

1.26    "Request for Exclusion" means a timely and properly submitted written request to be excluded from the Settlement Class. A request for exclusion is not timely and properly submitted unless it is in writing, is signed by the person or entity requesting exclusion, is mailed in a postage-paid envelope to the Settlement Administrator, postmarked no later than the due date established by the Court in the Preliminary Approval Order, and otherwise complies with the instructions contained in the Settlement Notice. The request for exclusion must be personally signed by any natural person requesting exclusion; it cannot be signed by that person's lawyer or other agent, unless the person is incapacitated. If the entity requesting exclusion is a corporation, partnership, or other legal entity, the request must be personally signed by a duly-authorized officer, partner, or managing agent. A request for exclusion is also not properly submitted or valid if it requests a qualified or partial exclusion or any other qualification.

1.27    "Royalty" means lessor royalty interests, and does not include overriding royalty interests.

1.28    "Settled Claims" means any and all claims and causes of action against Chesapeake related to the calculation, payment, and/or reporting of gas royalty payments made during the Class Period under an Arkansas Lease. The Settled Claims do not include claims for royalties held in suspense; claims for the untimely payment of royalties; claims for the failure to pay royalties due at all; claims based on errors in determining ownership interests; claims for mathematical errors in determining volumes, prices, values, or decimal interests; claims related to royalty payments made outside the Class Period; or claims related to royalty payments on gas that was not taken in kind by Chesapeake but was instead taken and marketed by a third party well operator.

1.29    "Settlement" means the settlement embodied in this Settlement Agreement and the Final Judgment.

1.30    "Settlement Administrator" means the person or persons retained by Class Counsel to administer the Escrow Account for federal and state income tax purposes, and to administer the Settlement in accordance with the provisions of this Settlement Agreement.

1.31    "Settlement Agreement" means this Settlement Agreement, including all exhibits hereto.

1.32    "Settlement Class" means all non-excluded persons and entities who have, during the Class Period, received one or more gas royalty payments directly from Chesapeake under an Arkansas Lease, according to the business records maintained by Chesapeake. The Settlement Class excludes (i) Chesapeake and their respective predecessors, successors and affiliates; (ii) those persons or entities whose Owner Numbers are delineated on Exhibit F attached hereto, all of whom have reached a resolution with Chesapeake or are presently litigating their claims outside of the *Looney* case, according to Chesapeake's records; (iii) those persons or entities whose Owner Numbers are delineated on Exhibit G attached hereto, all of whom were members of the settlement class in *Vanoven et al. v. Chesapeake Energy Corporation, et al.*, Case No. 4:10-cv-158-BSM (U.S.D.C. E.D. Ark.), according to Chesapeake's records; (iv) those persons or entities whose Owner Numbers are delineated on Exhibit H attached hereto, all of whom have royalties that have escheated, according to Chesapeake's records; (v) the federal government; (vi) legally-recognized Indian Tribes; and (vii) any person who serves as a judge in this civil action and his/her spouse.

1.33    "Settlement Class Member" means every member of the Settlement Class who does not submit a valid Request for Exclusion.

1.34    "Settlement Funds" means the Settlement Payment and all Escrow Account interest earned thereon.

1.35    "Settlement Notice" means the notice substantially in the form attached as Exhibit B, or such other comparable notice(s) approved by the Court, which is to be given to the Settlement Class as provided in paragraph 4 below. The Settlement Notice as determined to be appropriate and approved by the Court and meeting the criteria in paragraph 4, below, shall be regarded as and is the best notice practicable under the circumstances.

1.36    "Settlement Payment" means the sum of Three Million Two Hundred Fifty Thousand Dollars ($3,250,000.00).

2.    Reasonable Efforts to Garner Settlement's Approval.  The Parties and Class Counsel agree to recommend that the Court approve the Settlement and further agree to undertake their reasonable efforts, including all steps and efforts contemplated by this Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate to implement the terms of this Settlement Agreement. Defendants agree that they will not take any steps to suggest or recommend that members of the Settlement Class should opt out of or elect to be excluded from this Settlement Agreement.

3.    Motion for Preliminary Approval.  Plaintiffs shall submit to the Court a motion for preliminary approval of the Settlement, which shall include a request for entry of the Preliminary Approval Order in the form attached hereto as Exhibit A and a request to stay all proceedings in the *Looney* case until the Court has ruled on the motion. The motion for preliminary approval also shall include the proposed Settlement Notice in the form attached hereto as Exhibit B. Plaintiffs shall provide said motion to Defendants in advance of filing. Defendants shall file a joinder or other appropriate paper supporting preliminary approval on terms consistent with this Settlement Agreement. It is expressly understood that by entering into

this Settlement Agreement and by filing a paper supporting Plaintiffs' motion for preliminary approval of the Settlement, Defendants do so for settlement purposes only. The Parties expressly reserve the right to terminate this Settlement Agreement in the event the Court (i) denies Plaintiffs' Motion for Preliminary Approval, or (ii) approves it on the condition that changes be made to the exhibits attached thereto if either Party, in their sole discretion, deems such changes to be material. Defendants further expressly reserve the right to oppose certification of a litigation class in the event the Court denies Plaintiffs' Motion for Preliminary Approval.

      4.     Class Notice. Within thirty (30) days after the Court's entry of the Preliminary Approval Order or a date otherwise established by the Court, the Settlement Administrator shall provide the Settlement Notice to the Settlement Class in the manner approved by the Court, which Settlement Notice shall include mailing the Settlement Notice by first-class mail, postage pre-paid, to individuals and entities who are in the Settlement Class and for whom Defendants have addresses available from their accounting records. The Parties reserve the right to extend or otherwise amend this timeframe as set forth in this Settlement Agreement. To the extent that any Settlement Notices are returned because an individual or entity who is in the Settlement Class does not reside at the address provided, the Settlement Administrator shall take reasonable steps to obtain a valid address and re-mail the Settlement Notice. Defendants shall send a timely and proper notice(s) of this Settlement to all appropriate federal and state officials as required by the Class Action Fairness Act of 2005 ("CAFA"), including under 28 U.S.C. §1715.

      5.     Payment of Settlement Payment and Provision of Information. Defendants shall make the following payment:

      5.1  Within ten (10) calendar days after the date of an order by the Court granting preliminary approval of the Settlement, Defendants shall deposit the Settlement Payment into the Escrow Account established under the Escrow Agreement, subject to the conditions set forth below and in the Escrow Agreement, including provisions herein specifically relating to the return to Defendants of the Settlement Payment with interest under certain conditions. The Parties intend that the Escrow Account will qualify as a qualified settlement fund pursuant to Internal Revenue Code § 468B and Treasury Regulations promulgated thereunder. The Escrow Account shall be under the continuing jurisdiction of the Court pursuant to the Final Judgment. Except as otherwise provided herein, any interest that accrues on the Settlement Payment shall be paid proportionately to Settlement Class Members according to their interests in the Settlement Payment and to Class Counsel in proportion to the fees and expenses awarded by the Court.

      5.1.1  The Escrow Agent identified in the Escrow Agreement shall wire transfer to Defendants, in accordance with the directions set forth in the Escrow Agreement, (A) the Settlement Funds, plus the Escrow Account interest earned thereon, within ten (10) days after either Plaintiffs or Defendants gives notice to the other Party that it is withholding consent to any modification of the Settlement Agreement or Final Judgment imposed, or made a condition to approval, by any court; or (B) the Settlement Funds, plus the Escrow Account interest earned thereon, within ten (10) days after this Settlement Agreement is rejected by the Court (including any appellate court). Except as expressly provided in this subparagraph 5.1.1, no amount of the Settlement Payment shall be released from the Escrow Account until after the Effective Date.

5.1.2   Within seven (7) calendar days after the Effective Date, an amount equal to the attorneys' fees and Litigation Expenses awarded, plus the Escrow Account interest earned thereon, shall be released from the Escrow Account to Class Counsel in accordance with the Escrow Agreement. Defendants shall take no position on any application for attorneys' fees and Litigation Expenses that may be filed by Class Counsel or anyone else in this matter, provided the Defendants shall have no liability to the Settlement Class Members or Class Counsel to pay any funds in addition to the Settlement Funds.

5.2.   Defendants shall provide such records and information, including electronic data, in their possession, custody, or control, as may be reasonably necessary for the Settlement Administrator to prepare a list of the members of the Settlement Class, mail the Settlement Notice to the members of the Settlement Class, allocate the Settlement Payment among the Settlement Class Members in accordance with the Plan of Allocation, and otherwise properly administer the Settlement. Such information will include an electronic (Excel) spreadsheet containing the name, address (last known), and owner number(s) for each Settlement Class Member and the total dollar amount of gas royalty payments made during the Class Period by Defendants to each Settlement Class Member under an Arkansas Lease.

5.3   Upon depositing the Settlement Payment into the Escrow Account, Defendants shall have no further payment obligations to the Settlement Class Members or Class Counsel under this Settlement Agreement.

5.4   Defendants shall have no obligation whatsoever to pay any attorneys' fees or Litigation Expenses of Plaintiffs, Class Counsel, or Settlement Class Members, any and all of whom shall look exclusively to the Court for an award of attorneys' fees or Litigation Expenses from the Settlement Funds.

5.5   Walk-Away Rights.   In the event the Settlement Administrator receives Requests for Exclusion containing owner numbers which collectively would receive under the Plan of Administration $325,000 or more of the Settlement Payment, Defendants shall have the right, in their sole and absolute discretion, with fifteen (15) days after the Settlement Administrator provides  Class Counsel and counsel for Defendants with the Requests for Exclusion received, to terminate this Settlement Agreement, and demand in writing the return of all Settlement Funds from the Escrow Agent, who shall provide the same within twenty (20) days of receiving notice that Defendants have exercised their walk-away rights hereunder.

6.      [OMITTED]

7.      Order, Final Judgment, and Dismissal.  If the Court finally approves this Settlement Agreement, then the Parties jointly and promptly shall seek entry of the Final Judgment in the form attached hereto as Exhibit C.  The Parties intend that the language in the Final Judgment shall conform to the language in this Settlement Agreement, and the Parties will modify Exhibit C if necessary to ensure such conformity.   Nevertheless, the Parties expressly reserve the right to terminate this Settlement Agreement in the event the Court or any appellate Court (i) makes changes to Exhibit C that either party, in their sole discretion, deems to be

material, or (ii) approves Exhibit C on the condition that changes be made to it that either party, in their sole discretion, deems to be material changes.

8.      Conditions Precedent to Agreement's Effect.  This Settlement Agreement shall become final, binding and effective upon the Effective Date, and not before then.

9.      Modifications.  Any modification to this Settlement Agreement or its exhibits, whether modified by the Parties or any court, must be approved in writing signed by the Parties or their authorized representatives to be binding.

10.     Release.

10.1   Release by Plaintiffs and Class Members.  As of the Effective Date Plaintiffs and the Settlement Class Members, and each of them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, successors and assigns, hereby expressly agree that they shall fully and forever release and discharge Defendants and their respective  parents, present and former subsidiaries and affiliated entities, and their predecessors, successors and assigns, and each of their present, former and future officers, directors, employees, agents, successors, assigns, attorneys and legal representatives (collectively, "Chesapeake Releasees") from any and all of the Settled Claims, except for the rights and obligations created by this Settlement Agreement, and covenant and agree that they will not commence, participate in, prosecute or cause to be commenced or prosecuted against the Chesapeake Releasees any action or other proceeding based upon any of the Settled Claims released pursuant to this Settlement Agreement.

10.1.1   The Parties acknowledge and agree that the relief afforded under this Settlement Agreement fully and completely satisfies the Settlement Class Members' claims for relief in the *Looney* case.

10.1.2   This Release also covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members or by Plaintiffs or the Settlement Class Members, or any of them, in connection with or related in any manner to the *Looney* case, the settlement of the *Looney* case, the administration of this Settlement and/or the Settled Claims except to the extent otherwise specified in the Settlement Agreement.

10.2   No Release of Non-Parties.  Nothing herein shall operate or be construed to release any claims the Plaintiffs and Class Members may have against any person or entity who is not a Party hereto except as provided for in Sections 9.1 and 9.2.

11.     Authority and Capacity to Execute.  Each person signing this Settlement Agreement on behalf of a Party represents that such signatory has the full and complete power, authority and capacity to execute and deliver this Settlement Agreement and any documents to be executed pursuant hereto, that all formalities necessary to authorize execution of this Settlement Agreement so as to bind the principal, limited liability company, trust, partnership or corporation have been undertaken, and that upon the occurrence of the Effective Date, this

Settlement Agreement will constitute the valid and legally binding obligation of each such Party hereto, enforceable by and against that Party in accordance with its terms.

12.    Successors and Assigns.  This Settlement Agreement is binding upon and will inure to the benefit of each of the Parties hereto and their respective agents, officers, directors, shareholders, employees, consultants, heirs, devisees, legal representatives, attorneys, successors and assigns.

13.    Construction.  The language of all parts of this Settlement Agreement and its exhibits will in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.  All Parties have participated in the preparation of this Settlement Agreement and its exhibits and no presumptions or rules of interpretation based upon the identity of the Party preparing or drafting this Settlement Agreement or its exhibits, or any part thereof, shall be applied or invoked.

14.    Disputed Claims.  It is understood that this Settlement Agreement constitutes a compromise of highly disputed claims, and that neither (a) the consideration provided for herein, (b) the entry into the Settlement Agreement or stipulation to the Final Judgment, nor (c) any recital contained herein, will be construed, interpreted, or admissible as an admission of liability by or on behalf of any Party hereto, all such liability being expressly denied, regardless of whether this Settlement Agreement becomes Final.  In the event that the Settlement Agreement does not become Final, then this Settlement Agreement shall be of no force or effect, except as otherwise provided in paragraph 5, and the Settlement Agreement and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any Party, shall not be deemed or construed to be an admission or evidence of any liability or wrongdoing by Defendants or Chesapeake or of the truth of any of the claims or allegations contained in the amended complaint or any other pleading, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the *Looney* case or in any other action or proceeding.  The Parties expressly reserve all of their respective rights, claims and defenses if this Settlement Agreement does not become final.

The Parties agree that the Settlement Class will be certified for settlement purposes only, that this Settlement shall not be construed to represent either an assertion or concession that such a class would be manageable at trial, and in the event this Settlement Agreement is not given final approval or this Settlement is not finalized for any reason whatsoever, the Parties acknowledge and agree that Defendants remain free to challenge whether this proposed class or any other proposed classes are properly certifiable in this litigation or anywhere else, and Plaintiffs shall not argue that anything in this Settlement Agreement limits Defendants' right to do so.

15.    Survival of Covenants and Representations.  All covenants and representations contained in this Settlement Agreement are contractual in nature, are not mere recitals, and will survive the execution of this Settlement Agreement.

16.    Miscellaneous.

- 11 -

16.1   Governing Law. This Settlement Agreement is and will be governed by the laws of the State of Arkansas.

16.2   Severability. In the event that a court of competent jurisdiction enters a final judgment or decision holding invalid any nonmaterial provision of this Settlement Agreement, the remainder of this Settlement Agreement will be fully enforceable.

16.3   Counterparts. This Settlement Agreement may be executed by facsimile or electronic signatures and in counterparts, all of which will have full force and effect between the Parties, subject to all conditions precedent and subsequent set forth herein.

16.4   Integration. This Settlement Agreement and its exhibits constitute the entire agreement of the Parties and a complete merger of all prior negotiations and agreements.

16.5   Headings. The headings of the paragraphs and subparagraphs herein are intended solely for convenience or reference and will not control or influence the meaning or interpretation of any of the provisions of this Settlement Agreement.

16.6   Gender and Number. Whenever applicable, the pronouns designating the feminine, masculine and neuter will equally apply to the feminine, masculine and neuter genders; the singular will include the plural and the plural will include the singular.

16.7   Fees and Costs. Defendants shall bear their own costs, expenses, and attorneys' fees incurred in connection with the *Looney* case, this Settlement, and performance of the obligations imposed hereunder. Defendants shall have no obligation to pay the Litigation Expenses or attorneys' fees of any Settlement Class Member or of Class Counsel. Class Counsel will request reimbursement of Litigation Expenses and an award of attorneys' fees to be paid from the net Settlement Funds after reimbursement of Litigation Expenses and after payments, if any, of Administrative Costs from the Settlement Funds. Class Counsel may also request Court approval for the payment from the Settlement Fund of an Incentive Award Payment to Plaintiffs in an amount up to Five Thousand Dollars ($5,000.00) per plaintiff. Defendants will take no position on any request for an award of attorneys' fees to the extent attorneys' fees requested do not exceed 33 1/3 percent of the net Settlement Fund. Defendants will take no position on any request for reimbursement of Litigation Expenses to Class Counsel or for an Incentive Award Payment to Plaintiffs.

16.8   Extensions of Time. The Parties reserve the right, subject to the Court's approval, to mutually agree to any reasonable extension of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

16.9   Notice. All notices called for by this Settlement Agreement shall be sent to Class Counsel on behalf of Plaintiffs and all Settlement Class Members; and to Defendants' Counsel on behalf of the Defendants. Such notice shall become effective when placed in the United States mail, prepaid first-class postage affixed, addressed to the addresses listed in paragraph 1 above. It is the responsibility of each Party to notify all other Parties of any change in any of these addresses. The Party giving notice shall make reasonable efforts also to provide

- 12 -

copies of any notices by electronic mail or telephonic facsimile at the same time notice is placed in the mail.

16.9.1   Class Counsel, or any person acting on behalf of Class Counsel, shall not publish any form of written notice except as provided for herein without prior written approval of the content of such notice by Defendants, other than any information provided to any Court in furtherance of this Settlement Agreement.

16.9.2   It shall be the responsibility of the Settlement Administrator and Class Counsel, or their designees, to respond to all inquiries from members of the Settlement Class.

16.9.3   Plaintiffs agree that they shall not elect or seek to opt out or exclude themselves from the Settlement Class

16.9.4   Plaintiffs, Class Counsel, and Defendants hereby agree not to initiate, nor respond to, any communications with the media or press, on the Internet, or in any public forum, orally or in writing, that relate to this Settlement or the *Looney* case that could be viewed to cast Plaintiffs, Class Counsel, or Defendants in an unfavorable light or otherwise be inconsistent with the Settlement Notice, the Settlement Agreement, and Court papers filed by the parties in connection with the Settlement Agreement.

AGREED TO AND DATED AS OF THE 31st DAY OF March 2016.

APPROVED BY CLASS COUNSEL:

Thomas P. Thrash
Marcus N. Bozeman
Thrash Law Firm, P.A.
1101 Garland Street
Little Rock, AR 72201

Don Barrett
Katherine Barrett Riley
David M. McMullan, Jr.
Barrett Law Group, P.A.
Post Office Drawer 927
Lexington, MS 39095

PLAINTIFFS, FOR THEMSELVES
AND ON BEHALF OF
THE SETTLEMENT CLASS:

BILLY C. LOONEY

GOODWIN & HERMAN ASSOCIATES,
LLC
BY: _____
TITLE: _____

SILOAM MINERALS, LLC
BY: _____
TITLE: _____

- 13 -

copies of any notices by electronic mail or telephonic facsimile at the same time notice is placed in the mail.

       16.9.1   Class Counsel, or any person acting on behalf of Class Counsel, shall not publish any form of written notice except as provided for herein without prior written approval of the content of such notice by Defendants, other than any information provided to any Court in furtherance of this Settlement Agreement.

       16.9.2   It shall be the responsibility of the Settlement Administrator and Class Counsel, or their designees, to respond to all inquiries from members of the Settlement Class.

       16.9.3   Plaintiffs agree that they shall not elect or seek to opt out or exclude themselves from the Settlement Class

       16.9.4   Plaintiffs, Class Counsel, and Defendants hereby agree not to initiate, nor respond to, any communications with the media or press, on the Internet, or in any public forum, orally or in writing, that relate to this Settlement or the *Looney* case that could be viewed to cast Plaintiffs, Class Counsel, or Defendants in an unfavorable light or otherwise be inconsistent with the Settlement Notice, the Settlement Agreement, and Court papers filed by the parties in connection with the Settlement Agreement.

       AGREED TO AND DATED AS OF THE ____ DAY OF _____, 2016.


**APPROVED BY CLASS COUNSEL:**

**PLAINTIFFS, FOR THEMSELVES AND ON BEHALF OF THE SETTLEMENT CLASS:**

_____

Thomas P. Thrash
Marcus N. Bozeman
Thrash Law Firm, P.A.
1101 Garland Street
Little Rock, AR 72201

_____
**BILLY C. LOONEY**


_____

Don Barrett
Katherine Barrett Riley
David M. McMullan, Jr.
Barrett Law Group, P.A.
Post Office Drawer 927
Lexington, MS 39095

_____
**GOODWIN & HERMAN ASSOCIATES, LLC**
**BY:** ~~Fred W Herman~~
**TITLE:** MANAGER


_____
**SILOAM MINERALS, LLC**
**BY:** ~~Fred W Herman~~
**TITLE:** manager

- 13 -

copies of any notices by electronic mail or telephonic facsimile at the same time notice is placed in the mail.

16.9.1  Class Counsel, or any person acting on behalf of Class Counsel, shall not publish any form of written notice except as provided for herein without prior written approval of the content of such notice by Defendants, other than any information provided to any Court in furtherance of this Settlement Agreement.

16.9.2  It shall be the responsibility of the Settlement Administrator and Class Counsel, or their designees, to respond to all inquiries from members of the Settlement Class.

16.9.3  Plaintiffs agree that they shall not elect or seek to opt out or exclude themselves from the Settlement Class

16.9.4  Plaintiffs, Class Counsel, and Defendants hereby agree not to initiate, nor respond to, any communications with the media or press, on the Internet, or in any public forum, orally or in writing, that relate to this Settlement or the *Looney* case that could be viewed to cast Plaintiffs, Class Counsel, or Defendants in an unfavorable light or otherwise be inconsistent with the Settlement Notice, the Settlement Agreement, and Court papers filed by the parties in connection with the Settlement Agreement.

AGREED TO AND DATED AS OF THE ____ DAY OF _____, 2016,

APPROVED BY CLASS COUNSEL:

PLAINTIFFS, FOR THEMSELVES
AND ON BEHALF OF
THE SETTLEMENT CLASS:

_____

Thomas P. Thrash
Marcus N. Bozeman
Thrash Law Firm, P.A.
1101 Garland Street
Little Rock, AR 72201

_____
BILLY C. LOONEY

_____
Don Barrett
Katherine Barrett Riley
David M. McMullan, Jr.
Barrett Law Group, P.A.
Post Office Drawer 927
Lexington, MS 39095

GOODWIN & HERMAN ASSOCIATES,
LLC.
BY: _____
TITLE: _____

SILOAM MINERALS, LLC
BY: _____
TITLE: _____

- 13 -

Larry D. Moffett
Daniel Coker Horton & Bell, P.A.
P. O. Box 1396
Oxford, MS 38655-1396

David S. Stellings
Daniel E. Seltz
Lieff, Cabraser, Heimann & Bernstein,
LLP
250 Hudson St., 8th Floor
New York, NY 10013


Steven Shults
Debra Brown
Shults & Brown, LLP
200 West Capitol Avenue
Suite 1600
Little Rock, AR 72201-3637


Matthew H.P. Warner
Graves Warner PLC
1901 Napa Valley Drive
Little Rock, AR 72212

**APPROVED BY COUNSEL
FOR DEFENDANTS:**


Lyn Pruitt
John Keeling Baker
Adria Conklin
Mitchell, Williams, Selig, Gates &
Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201

**CHESAPEAKE ENERGY CORPORATION**
By: James R. Webb, Executive Vice President –
General Counsel & Corporate Secretary


**CHESAPEAKE OPERATING, L.L.C.**
By: James R. Webb, Executive Vice President –
General Counsel & Corporate Secretary

- 14 -

_Larry Moffett_

Larry D. Moffett
Daniel Coker Horton & Bell, P.A.
P. O. Box 1396
Oxford, MS 38655-1396


David S. Stellings
Daniel E. Seltz
Lieff, Cabraser, Heimann & Bernstein,
LLP
250 Hudson St., 8th Floor
New York, NY 10013


Steven Shults
Debra Brown
Shults & Brown, LLP
200 West Capitol Avenue
Suite 1600
Little Rock, AR 72201-3637


Matthew H.P. Warner
Graves Warner PLC
1901 Napa Valley Drive
Little Rock, AR 72212


**APPROVED BY COUNSEL
FOR DEFENDANTS:**


Lyn Pruitt
John Keeling Baker
Adria Conklin
Mitchell, Williams, Selig, Gates &
Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201

**CHESAPEAKE ENERGY CORPORATION**
By: James R. Webb, Executive Vice President –
General Counsel & Corporate Secretary


**CHESAPEAKE OPERATING, L.L.C.**
By: James R. Webb, Executive Vice President –
General Counsel & Corporate Secretary

- 14 -

Larry D. Moffett
Daniel Coker Horton & Bell, P.A.
P. O. Box 1396
Oxford, MS 38655-1396


David S. Stellings
Daniel E. Seltz
Lieff, Cabraser, Heimann & Bernstein,
LLP
250 Hudson St., 8th Floor
New York, NY 10013

Steven Shults
Debra Brown
Shults & Brown, LLP
200 West Capitol Avenue
Suite 1600
Little Rock, AR 72201-3637


Matthew H.P. Warner
Graves Warner PLC
1901 Napa Valley Drive
Little Rock, AR 72212


**APPROVED BY COUNSEL**
**FOR DEFENDANTS:**



Lyn Pruitt
John Keeling Baker
Adria Conklin
Mitchell, Williams, Selig, Gates &
Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201

**CHESAPEAKE ENERGY CORPORATION**
By: James R. Webb, Executive Vice President –
General Counsel & Corporate Secretary


**CHESAPEAKE OPERATING, L.L.C.**

By: James R. Webb, Executive Vice President –
General Counsel & Corporate Secretary

- 14 -

Larry D. Moffett
Daniel Coker Horton & Bell, P.A.
P. O. Box 1396
Oxford, MS 38655-1396

Daniel B. Goldman
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10022

Steven Shults
Debra Brown
Shults & Brown, LLP
200 West Capitol Avenue
Suite 1600
Little Rock, AR 72201-3637

W. Jackson H.D. Williams
Cheney Warner PLC
1507 High Valley Drive
Little Rock, AR 72212

ATTORNEYS FOR DEFENDANTS

Lyn Pruitt
John Keeling Baker
Adria Conklin
Mitchell, Williams, Selig, Gates &
Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201

CHESAPEAKE ENERGY CORPORATION
By James R. Webb, Executive Vice President
General Counsel & Corporate Secretary

CHESAPEAKE OPERATING, L.L.C.
By James R. Webb, Executive Vice President
General Counsel & Corporate Secretary

-16-

Larry D. Moffett
Daniel Coker Horton & Bell, P.A.
P. O. Box 1396
Oxford, MS 38655-1396


David S. Stellings
Daniel E. Seltz
Lieff, Cabraser, Heimann & Bernstein,
LLP
250 Hudson St., 8th Floor
New York, NY 10013


Steven Shults
Debra Brown
Shults & Brown, LLP
200 West Capitol Avenue
Suite 1600
Little Rock, AR 72201-3637


Matthew H.P. Warner
Graves Warner PLC
1901 Napa Valley Drive
Little Rock, AR 72212


**APPROVED BY COUNSEL**
**FOR DEFENDANTS:**


_____ 4-1-16
Lyn Pruitt
John Keeling Baker
Adria Conklin
Mitchell, Williams, Selig, Gates &
Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201

CHESAPEAKE ENERGY CORPORATION
By: James R. Webb, Executive Vice President –
General Counsel & Corporate Secretary

CHESAPEAKE OPERATING, L.L.C.
By: James R. Webb, Executive Vice President –
General Counsel & Corporate Secretary

- 14 -

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY C. LOONEY; GOODWIN & HERMAN ASSOCIATES,
LLC, an Arkansas limited liability company; and SILOAM
MINERALS, LLC, an Arkansas limited liability company                      PLAINTIFFS

v.                                          No. 2:15-CV-2108-TLB

CHESAPEAKE ENERGY CORPORATION, an Oklahoma
corporation; CHESAPEAKE OPERATING, L.L.C., formerly
doing business as CHESAPEAKE OPERATING, INC., an
Oklahoma corporation; CHESAPEAKE EXPLORATION, LLC,
an Oklahoma limited liability company; and CHESAPEAKE
ENERGY MARKETING, L.L.C., formerly doing business as
CHESAPEAKE ENERGY MARKETING, INC., an Oklahoma
Corporation                                                               DEFENDANTS

ORDER GRANTING CERTIFICATION OF SETTLEMENT CLASS
AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT

This matter comes before the Court on Plaintiffs' unopposed motion for preliminary

approval of settlement, and certification for settlement purposes of a Settlement Class

("Motion").

The Court, having reviewed and considered the Motion, the memorandum in support of

the Motion, the Class Action Settlement Agreement ("Settlement Agreement"), the proposed

Notice of Class Settlement, and pertinent portions of the entire record in this litigation to date,

finds as follows:

1.      Plaintiffs filed their original Complaint on June 3, 2015.  An Amended Complaint

was filed on June 23, 2015.  Plaintiffs' Amended Complaint alleges claims involving claims for

breach of contract, breach of common law and statutory duties, violation of Ark. Code Ann. §

15-74-601, et seq. & § 15-74-701, *et seq.*, violation of the Arkansas Deceptive Trade Practices

Act, unjust enrichment and accounting of royalties due and owing. Plaintiffs are seeking compensatory and statutory damages and injunctive relief. Plaintiff's counsel and Defendants' counsel have engaged in exchanges of information for the purpose of clarifying the factual and legal issues, including class certification and the merits of Plaintiff's claims, and have engaged in numerous discussions regarding the litigation and the possibility of a class settlement.

2. The parties have negotiated a class settlement ("Class Settlement Agreement," Exhibit 1 to Motion for Preliminary Approval of Class Action Settlement ("Motion")). Through this Class Settlement Agreement, Defendants will fully and completely satisfy any and all claims of Class Members by paying Class Members a total payment of $3,250,000. The cost of administration of the settlement, class representative fees and attorneys' fees and costs of Class Counsel will be paid from the $3,250,000. By entering into the Class Settlement Agreement, neither Plaintiffs nor Defendants make any admissions relating to the claims and defenses raised in this lawsuit.

3. The Settlement Class, as defined in the Settlement Agreement (Ex. 1 at ¶1.32), includes the following:

> all non-excluded persons and entities who have, during the Class Period, received one or more gas royalty payments directly from Chesapeake under an Arkansas Lease, according to the business records maintained by Chesapeake. The Settlement Class excludes (i) Chesapeake and their respective predecessors, successors and affiliates; (ii) those persons or entities whose Owner Numbers are delineated on Exhibit F attached to the Class Settlement Agreement, all of whom have reached a resolution with Chesapeake or are presently litigating their claims outside of the *Looney* case, according to Chesapeake's records; (iii) those persons or entities whose Owner Numbers are delineated on Exhibit G attached to the Class Settlement Agreement, all of whom were members of the settlement class in *Vanoven et al. v. Chesapeake Energy Corporation, et al.*, Case No. 4:10-cv-158-BSM (U.S.D.C. E.D. Ark.), according to Chesapeake's records;

(iv) those persons or entities whose Owner Numbers are delineated on Exhibit H attached to the Class Settlement Agreement, all of whom have royalties that have escheated, according to Chesapeake's records; (v) the federal government; (vi) legally-recognized Indian Tribes; and (vii) any person who serves as a judge in this civil action and his/her spouse.

4.     The Settlement Agreement between the Settlement Class and the Defendants appears, upon preliminary review, to be fair, reasonable, and adequate.

5.     In determining that the proposed Settlement Agreement appears to be fair, reasonable and adequate, the Court has considered the following:  (a) the proposed Settlement Agreement has been fairly and honestly negotiated; (b) sufficient questions of law and fact exist that make the outcome of a trial on the merits uncertain; (c) the value of the proposed Settlement Agreement is reasonable, given the possible outcome of protracted and expensive litigation; and (d) the parties and their attorneys, who are very experienced in class action royalty underpayment litigation, believe that the Settlement Agreement is fair and adequate, and recommend that the Settlement Agreement be preliminarily approved.

6.     The parties entered into the Settlement Agreement only after engaging in a meaningful exchange of information, and with full knowledge of the critical factual and legal issues.  The Settlement Agreement is the product of non-collusive, arm's-length bargaining.

7.     The Class Settlement avoids the time and expense of continuing this litigation for an indeterminate period of time, with attendant risks, costs, and delay for both sides.

8.     Class members will receive substantial benefits from the Settlement Agreement. Defendants have agreed to make a Settlement Payment to the Settlement Class in the amount of Three Million Two Hundred Fifty Thousand Dollars ($3,250,000.00).

9.     Defendants also benefit from the Settlement Agreement, through the avoidance of protracted and expensive litigation, the final resolution of disputes with the Settlement Class

members, and the promotion of a mutually productive business relationship with the Settlement
Class members.

10.     The Settlement Class satisfies the prerequisites of Rule 23 of the Federal Rules of
Civil Procedure, and the Settlement Class is certified.

11.     The Settlement Class is sufficiently numerous to satisfy Rule 23(a)'s numerosity
requirement because it includes more than one hundred people, and joinder of their claims would
be impracticable.

12.     Plaintiffs' claims are typical of the Settlement Class Members' claims, in that
they and all other Settlement Class members were allegedly subject to Defendants' alleged
improper royalty payment practices.  Plaintiffs are adequate class representatives who have no
conflicts with the Settlement Class members, and their counsel have significant experience
litigating gas royalty class actions.  Therefore, Plaintiffs satisfy the typicality and adequacy
requirements of Rule 23(a).

13.     Not faced with a contested motion to certify a class and for purposes of this
proposed class settlement only, the Court finds that there are factual issues common to all
Settlement Class members, and those common issues predominate over issues that are individual
to the Settlement Class members.  Plaintiffs assert that the common issues include, but are not
limited to, whether deductions on the Settlement Class members' royalty check stubs were
incorrectly or not reported; whether costs were improperly deducted from the Settlement Class
members' royalty payments; whether gas was sold at prices that were less than market value
prices; and whether royalties on certain volumes of gas were not properly paid.  Not faced with a
contested motion to certify a class and for purposes of this proposed class settlement only, the

Court finds that the commonality requirement of Rule 23(a) and the predominance requirement of Rule 23(b)(3) are satisfied.

14.     Not faced with a contested motion to certify a class and for purposes of this proposed class settlement only, the Court finds that treatment of this litigation as a class action is superior to resolution through thousands of separate individual lawsuits, because important issues in the case are common to all Settlement Class members, and class treatment enhances judicial efficiency.  Therefore, the superiority element of Rule 23(b)(3) is satisfied.

15.     The Notice of Class Settlement to be mailed to the members of the Settlement Class (attached to the Motion as Exhibit 2 ("Settlement Notice")) adequately informs the Settlement Class members of the following:  (1) the nature of this class action lawsuit; (2) the definition of the proposed Settlement Class; (3) the subject of the Settlement Class members' claims; (4) that a Settlement Class member may enter an appearance through an attorney if the Settlement Class member so desires; (5) that the Court will exclude from the Settlement Class any member who timely requests exclusion; (6) the time and manner for requesting exclusion; (7) a description of the terms of the Settlement Agreement, including information about the Settlement Class members' right to obtain a copy of the Settlement Agreement; (8) the right of any Settlement Class member to object to the proposed Settlement Agreement, and the deadline for any such objections; and (9) the binding effect of the Settlement Agreement on Settlement Class members who do not elect to be excluded from the Settlement Class.

## ORDER

In light of the Court's findings, and pending further consideration of the proposed Class Settlement at the final approval hearing, **IT IS HEREBY ORDERED THAT:**

16.     The Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

17.     Plaintiffs are appointed Class Representatives for the Settlement Class.

18.     Plaintiffs' counsel are appointed Class Counsel for the Settlement Class;

19.     The Settlement Agreement is preliminarily approved as being fair, adequate, and reasonable.

20.     Within ten calendar days after the Court enters this Order, Defendants shall deposit the Settlement Payment of Three Million Two Hundred Fifty Thousand Dollars ($3,250,000) into the Escrow Account established pursuant to the Escrow Agreement, as provided for in paragraph 5.1 of the Settlement Agreement.

21.     Within ten calendar days after the proposed settlement is filed in Court, Defendants shall provide notice of the Settlement Agreement by first class mail to the appropriate federal and state officials, as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

22.     The Court approves as reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure the form and the content of the Settlement Notice attached to the Motion as Exhibit 2.

23.     The Settlement Administrator shall complete the mailing of the Settlement Notice to the Settlement Class members no later than 30 days from the entry of this Order.

24.     The parties shall file motions and memoranda in support of final approval of the Class Settlement, and Class Counsel shall file their request for attorneys' fees, expense reimbursements, and an Incentive Award Payment for the Plaintiff, no later than 60 days from the entry of this Order.

25.     Any member of the Settlement Class who wishes to object to or comment on the proposed Settlement Agreement, or to object to Class Counsel's request for attorneys' fees,

expense reimbursements, and an Incentive Award Payment for the Plaintiffs, must comply with all requirements detailed in the Settlement Notice and postmark and mail such objections or comments no later than 75 days from the entry of this Order.  In accordance with the procedures set forth in the Settlement Notice, any such objections or comments must be mailed to Class Counsel, Defendants' counsel, and the Court.

26.     Any member of the Settlement Class who wishes to exclude herself from the Settlement Agreement must comply with all requirements detailed in the Settlement Notice and postmark and mail the exclusion request to the Settlement Administrator no later than 75 days from the entry of this Order.

27.     Class Counsel and Defendants may file a response to any Settlement Class member's objections or comments no later than 95 days from the entry of this Order.  A copy of such response shall be mailed to all Settlement Class members who have submitted timely objections or comments.

28.     Any Settlement Class member who wishes to appear and be heard at the final approval hearing must comply with all requirements detailed in the Settlement Notice and postmark and mail notice of such intention no later than 105 days from the entry of this Order. Notice of such intention must be mailed to Class Counsel, to Defendants' counsel, and to the Court.

29.     The Court will conduct a hearing to consider final approval of the proposed Settlement Agreement, and Class Counsel's request for attorneys' fees, expense reimbursements, and an Incentive Award Payment for Plaintiffs, beginning at _____ __.m. on _____,____ 2016, in Room _____, or the next available date thereafter.  The purpose of the final fairness hearing will be to determine whether the Settlement

Agreement is fair, adequate, and reasonable; whether Class Counsel's application for an award of attorneys' fees, expense reimbursements, and an incentive award for Plaintiffs should be approved; and whether this Court should approve the Settlement Agreement and enter a final judgment and order of dismissal.

30.   All pending pleading, discovery, and case management deadlines in this action are stayed until further order of this Court.

**IT IS SO ORDERED.**

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

Dated:

**EXHIBIT B**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS

# There is a Proposed Settlement in a class action brought against Chesapeake Energy Corp. on behalf of certain royalty owners.

### You may be able to obtain benefits

*A court authorized this notice.  This is NOT a solicitation from a lawyer.*

A Proposed Settlement has been reached in a lawsuit against Chesapeake Energy Corporation and certain of its subsidiaries and affiliates. The lawsuit is about the alleged incomplete reporting and underpayment of royalty payments made by Chesapeake on the production of natural gas in Arkansas.  Chesapeake denies the Plaintiffs' allegations and intends to oppose such allegations in the absence of this settlement.   Chesapeake enters into this settlement in an effort to further its relationship with its lessors and resolve the claims alleged.

You are a member of the Settlement Class if you fall within the class definition described under Question 3, below.

| A SUMMARY OF YOUR RIGHTS AND CHOICES | |
|---|---|
| **REMAIN A SETTLEMENT CLASS MEMBER** | To remain a member of the Settlement Class, you do not need to take any action.  Class Members will be able to get money from the Proposed Settlement as outlined in Question 5.<br><br>**Due Date:   Automatic Distribution** |
| **EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT** | You can exclude yourself from (opt out of) the Proposed Settlement and not be bound by the Court's rulings.  You will also not share in the distribution of monetary relief.<br>See Questions 7 and 8.<br><br>**Due Date: Post-marked on or before** _____ |
| **OBJECT OR COMMENT ON THE PROPOSED SETTLEMENT** | If you are a Settlement Class Member, you can appear and object to or comment on the Proposed Settlement in the lawsuit on your own or through your own lawyer.  See Question 13.<br><br>**Due Date: Post-marked on or before** _____ |

## 1. Why did I receive this notice?

Records show that you (or someone in your family) have received royalty payments from Chesapeake on gas produced from one or more wells in Arkansas.

The Court sent you this notice to inform you of a proposed settlement of a class action lawsuit styled *Looney, et al. v. Chesapeake Energy Corp., et al.*, No. 2:15-cv-02108, United States District Court for the Western District of Arkansas. This notice outlines the terms of the proposed Settlement, who is a Settlement Class Member, your right to remain a member of the Settlement Class, how Settlement funds will be paid, how to comment on or object to the Proposed Settlement, and how to exclude yourself from the Settlement Class.

Judge Brooks of the United States District Court for the Western District of Arkansas is overseeing this class action.

The people who brought the Lawsuit are the "Plaintiffs," and the parties being sued are the "Defendants."

The term "Chesapeake" in this notice means Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., Chesapeake Operating, Inc., Chesapeake Exploration, L.L.C., Chesapeake Energy Marketing, L.L.C., Chesapeake Energy Marketing, Inc., Chesapeake Midstream Partners, L.P. and Chesapeake Midstream Gas Services, LLC.

The term "royalties" in this notice means lessor royalty payments. The term "royalties" does not include overriding royalty interest payments.

## 2. What is this lawsuit about?

Plaintiffs claim that Defendants underpay royalties relating to gas produced from wells located in Arkansas pursuant to certain provisions of oil and gas leases. The Lawsuit alleges that Defendants failed to disclose in its royalty payment statements ("check stubs") an itemized list of the deductions and adjustments Defendants made in calculating royalty payments. The Lawsuit further alleges that Defendants inappropriately deducted from royalties certain costs that they were not permitted to deduct, failed to pay royalties on certain volumes of gas, and sold gas at prices that were less than true market value prices. Plaintiffs asked Defendants to pay monetary damages and prejudgment interest.

Defendants contend that their check stubs were not deficient, and that they correctly calculated royalty payments. Defendants deny Plaintiffs' claims but have agreed to settle the class action based on the time and expense of continuing the lawsuit.

A more complete description of the Lawsuit is available in the file for the Lawsuit maintained by the United States District Court for the Western District of Arkansas. See Question 17, below. Additionally, should you have questions regarding the Lawsuit, such questions can be submitted in writing to Class Counsel at the addresses provided under Question 13 of this Notice.

## 3. How do I know if I am part of the Settlement Class?

The Settlement Class is defined as all persons and entities who have, during the Class Period, received one or more gas royalty payments directly from Chesapeake under an Arkansas Lease, according to the business records maintained by Chesapeake.

Excluded from the Settlement Class are:

(a)    Chesapeake and their respective predecessors, successors and affiliates;

(b)    those persons or entities identified in an exhibit to the Settlement Agreement who have reached a resolution with Chesapeake or are presently litigating their claims outside of this case, according to Chesapeake's records;

(c)    those persons or entities identified in an exhibit to the Settlement Agreement who were members of the settlement class in *Vanoven et al. v. Chesapeake Energy Corporation, et al.*, Case No. 4:10-cv-158-BSM (U.S.D.C. E.D. Ark.), according to Chesapeake's records;

(d)    those persons or entities identified in an exhibit to the Settlement Agreement who have royalties that have escheated, according to Chesapeake's records;

(e)    the federal government;

(f)    legally-recognized Indian Tribes; and

(g)    any person who serves as a judge in this civil action and his/her spouse.

Some persons included in the Class definition may be deceased ("Deceased Class Members"). In order to assist the Settlement Administrator in the allocation and distribution of monies attributable to the interests of Deceased Settlement Class Members, this Notice is accompanied by an Heirship/Beneficiary Information Form ("Heirship Form"). If a Settlement Class Member believes that he or she is entitled to receive all or some portion of the Settlement funds allocable to a Deceased Settlement Class Member, then the Settlement Class Member is requested, but not required, to mail to the Settlement Administrator a completed Heirship Form.

Some corporations, partnerships, or other entities included in the Class definition may now be dissolved. If you have succeeded to the interest of such a dissolved corporation, partnership, or other entity, you should immediately contact the Settlement Administrator at the following address and/or phone number:

-----------

-----------

**If you are a Settlement Class Member and the Judge approves the Proposed Settlement, you will be bound by all orders and judgments of the Court and by the Court's final resolution of the**

**Settlement Class claims in the Lawsuit. See Question 13 for your right to comment on or object to the Proposed Settlement.**

### 4. How do I know if my well or lease is included in the Proposed Settlement?

You are included in the proposed Settlement if you fall within the Settlement Class definition described under Question 3, above, and you are not excluded from the Settlement Class for any of the reasons described under Question 3, above.

If you have any questions about whether you are part of the Settlement Class, please call (toll-free) _____ or contact the following Class Counsel:  [ _____ ].

### Please do not contact the Court.

### 5. What does the Proposed Settlement provide?

The proposed Settlement provides monetary relief for Settlement Class Members relating to the calculation, payment, and/or reporting of gas royalty payments made during the Class Period by Chesapeake under an Arkansas Lease.

Under the Settlement, Chesapeake will make a payment to the Settlement Class of $3,250,000.00.  The payment will be distributed among the Class Members on a pro-rata basis, net of Court-awarded attorneys' fees and expenses and class representative incentive award payments, and in accordance with the Settlement Agreement's Plan of Distribution.

In exchange for the benefits received by the Class, Chesapeake will be released from any and all claims the Settlement Class Members may have against Chesapeake based on the calculation, payment, and/or reporting of royalties pursuant to an Arkansas Lease, in accordance with the Settlement Agreement. The release would extend to Chesapeake and their respective parents, present and former subsidiaries and affiliated entities, and their predecessors, successors and assigns, and each of their present, former, and future officers, directors, employees, agents, successors, assigns, attorneys, and legal representatives.

The Settlement affects only Chesapeake and does not affect how any other non-Chesapeake entity calculates and/or pays royalties.

### 6. What do I need to do to remain a Settlement Class Member?

If you want to remain a Settlement Class Member, **you do not need to take any action whatsoever.**  Class Counsel will represent your interests as a member of the Settlement Class.

### 7. Can I get out of the Settlement Class?

If you don't want to be in the Settlement Class and you want to keep the right to sue Chesapeake about the same claims on your own, you must take steps to get out of the Settlement Class. This is called excluding yourself from or "opting out of" the Settlement Class. By excluding yourself,

you keep the right to file your own lawsuit.  If you exclude yourself from the Settlement Class, you will not receive any benefits from the Proposed Settlement.

## 8.  How do I get out of the Proposed Settlement?

To exclude yourself from ("opt out of") the Settlement Class, you must send a letter personally signed by you that includes all of the following:

> Your name, address, and telephone number;

> Your Chesapeake owner number(s);

> The following Civil Action Number: 2:15-cv-02108; and

> A statement that you want to be excluded from the Settlement Class.

Your request for exclusion letter must be mailed first class, postage pre-paid, **postmarked on or before _____, to:**

_____

_____

You cannot exclude yourself from only part of the Settlement or Settlement Class.  You must either remain a Settlement Class Member or exclude yourself from the entire Settlement.  Also, please remember that you can't exclude yourself by phone or by sending an email.

## 9.  Do I have lawyers representing my interests in the case?

The Court has appointed the following law firms to represent the Class:

Thomas P. Thrash
Marcus N. Bozeman
Thrash Law Firm, P.A.
1101 Garland Street
Little Rock, AR 72201

Steven Shults
Debra Brown
Shults & Brown, LLP
200 West Capitol Avenue
Suite 1600
Little Rock, AR 72201-3637

Larry D. Moffett
Daniel Coker Horton & Bell, P.A.
P. O. Box 1396
Oxford, MS 38655-1396

John W. ("Don") Barrett
Barrett Law Group
Post Office Drawer 927
Lexington, MS 39095

Matthew H.P. Warner
Graves Warner PLC
1901 Napa Valley Drive
Little Rock, AR 72212

David S. Stellings
Daniel Seltz
Lieff, Cabraser, Heimann
   & Bernstein, LLP
250 Hudson St., 8th Floor
New York, NY 10013

These lawyers are called "Class Counsel." You do not have to directly pay Class Counsel. If you want your own lawyer, and to have that lawyer appear in court, you may hire one at your own expense.

## 10.  How will the lawyers be compensated?

Class Counsel will request that the Court award Class Counsel reimbursement of their Litigation Expenses, award an Incentive Payment to each Class Representative, and award attorneys' fees to Class Counsel in an amount not exceeding one-third of the net Settlement Funds, after deduction of any awarded Litigation Expenses and Incentive Payments. The Court, at its own discretion, may award less than these requested amounts without further notice to the Settlement Class Members. Any attorneys' fees, expenses, and incentive payments awarded by the Court will be paid from the Settlement Funds. Again, if you choose to hire your own attorney, you will be responsible for that attorney's fees and expenses.

## 11. Should I get my own lawyer?

You don't need to hire your own lawyer but you may elect to do so. If you want your own lawyer to speak for you or to appear in Court, you or your lawyer must file a Notice of Appearance. (See question 16 to find out how to submit a Notice of Appearance). If you hire a lawyer to appear for you in the lawsuit, you will have to pay that lawyer on your own.

## 12.  Who are the Class Representatives and how are they compensated?

The Court has appointed the Plaintiffs as Class Representatives. The Class Representatives work with Class Counsel on behalf of all Settlement Class Members to present the views of typical Settlement Class Members to Class Counsel and the Court. The Class Representatives may each be entitled to an Incentive Payment Award not to exceed $5,000.

## 13.  Can I object or comment on the Proposed Settlement?

If you have comments about, or disagree with, any aspect of the Proposed Settlement, including the requested attorneys' fees, you may express your views to the Court through a written response to the Proposed Settlement. Only Settlement Class Members who have not opted out can object or comment. The written comment or objection should include your name, address, telephone number, and Chesapeake owner number(s) (if known). In addition, any objection must include (a) a written statement of your objection, (b) a written statement of the grounds or reasons for your objection, and (c)

copies of any papers, briefs, or other documents supporting your objection.  The document must be signed to ensure the Court's review.  In order to be considered by the Court, your comment or objection must be postmarked on or before _____, and mailed to:

Clerk of the Court
United States District Court, Western District of Arkansas
John Paul Hammerschmidt Federal Building
35 East Mountain, Room 559
Fayetteville, Arkansas 72701

Your comment or objection must clearly state that it relates to the following Civil Action Number: 2:15-cv-02108.

The comment or objection <u>must</u> also be mailed to the following attorneys:


Counsel for the Class:

Thomas P. Thrash
Thrash Law Firm, P.A.
1101 Garland Street
Little Rock, AR 72201

Counsel for Chesapeake:

Lyn Pruitt
Mitchell, Williams, Selig,
Gates & Woodyard, P.L.L.C.
425 W. Capitol Ave., Ste. 1800
Little Rock, AR  72201


## 14. Will there be a Hearing on the Proposed Settlement?

The Court will hold a Final Approval Hearing on _____, to consider whether the Proposed Settlement is fair, reasonable, and adequate. The Hearing will be at the United States Courthouse, _____ at _____. At the Hearing, the Court will decide whether to approve the Proposed Settlement and the motion for attorneys' fees and expenses.  If comments or objections have been received, the Court will consider them at this time.

Note: The Hearing may be postponed to a different date without additional notice.

## 15.  Must I attend the hearing?

Attendance is not required, even if you properly mailed a written objection or comment.  Class Counsel is prepared to answer the Court's questions on your behalf.  If you or your lawyer still want to attend the Hearing, you are welcome to come at your own expense.  However, it is not necessary that you attend.  If you filed an objection to the Settlement, as long as the objection was postmarked before the deadline, the Court will consider it, regardless of whether you or your privately-retained attorney appear at the Hearing.

QUESTIONS? CALL 1-800-_____-_____

## 16.  May I speak at the Hearing?

If you want to speak or have your own lawyer speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance must refer to *Looney, et al. v. Chesapeake Energy Corp., et al.*, No. 2:15-cv-02108, United States District Court for the Western District of Arkansas., and state that you or your lawyer wish to enter an appearance at the Final Approval Hearing. It must also include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than _____. You cannot speak at the Hearing if you asked to be excluded from the Proposed Settlement Class.

The Notice of Appearance must be filed with the Court at the address provided under Section 13 above and also mailed to the attorneys listed in Section 13 above.

In addition, your document must clearly state that it relates to the following Civil Action Number: 2:15-cv-02108.

## 17.  How do I get more information about the Proposed Settlement?

This notice summarizes the Proposed Settlement and your rights and options as a Settlement Class Member. To find out more information, call _____, or write to:

If you have a question about whether or not you are in the Settlement Class, or about your rights and options as a Settlement Class Member, you may contact the Class Counsel at:

[ _____ ] or _____.

All court records, including the Settlement Agreement and other documents for the Lawsuit, may be examined in person and copied at the United States District Court, Western District of Arkansas, United States Courthouse, Federal Building, 30 South 6th Street, Room 1038, Fort Smith, Arkansas, 72901-2437.

**PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF THE COURT, OR CHESAPEAKE.**

EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

| | |
|---|---|
| **BILLY C. LOONEY; GOODWIN & HERMAN ASSOCIATES, LLC, an Arkansas limited liability company; and SILOAM MINERALS, LLC, an Arkansas limited liability company** | **PLAINTIFFS** |
| **v.** | **No. 2:15-CV-2108-TLB** |
| **CHESAPEAKE ENERGY CORPORATION, an Oklahoma corporation; CHESAPEAKE OPERATING, L.L.C., formerly doing business as CHESAPEAKE OPERATING, INC., an Oklahoma corporation; CHESAPEAKE EXPLORATION, LLC, an Oklahoma limited liability company; and CHESAPEAKE ENERGY MARKETING, L.L.C., formerly doing business as CHESAPEAKE ENERGY MARKETING, INC., an Oklahoma Corporation** | **DEFENDANTS** |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

THIS MATTER comes before the Court upon the "Motion for Final Approval of the Class Settlement" filed by Plaintiffs. The Court, being fully advised of the premises of the Motion, FINDS:

1.      Plaintiffs filed their original Complaint on June 3, 2015. An Amended Complaint was filed on June 23, 2015. Plaintiffs' Amended Complaint alleges claims involving claims for breach of contract, breach of common law and statutory duties, violation of Ark. Code Ann. § 15-74-601, *et seq.* & § 15-74-701, *et seq.,* violation of the Arkansas Deceptive Trade Practices Act, unjust enrichment, and accounting of royalties due and owing. Plaintiffs are seeking compensatory and statutory damages and injunctive relief.

2.      The parties have negotiated a class settlement ("Class Settlement Agreement," Exhibit 1 to the Motion for Preliminary Approval of Class Action Settlement ("Preliminary Motion")). Through this Class Settlement Agreement, Defendants will fully and

completely satisfy any and all claims of Class Members by paying Class Members a total payment of $3,250,000. The cost of administration of the settlement, class representative fees and attorneys' fees and costs of Class Counsel will be paid from the $3,250,000. By entering into the Class Settlement Agreement, neither Plaintiffs nor Defendants make any admissions relating to the claims and defenses raised in this lawsuit.

      3.      On ___, 2016, Plaintiffs filed the Preliminary Motion, seeking preliminary approval of a Settlement Agreement that resolves the claims of the Settlement Class against Defendants based on the calculation, payment, and/or reporting of royalty payments by Defendants during the Class Period on Gas produced by Defendants in Arkansas, and any and all claims and causes of action during the Class Period that were alleged and/or made in the amended class action complaint (Doc. __).

      4.      The Settlement Class, as defined in the parties' Class Action Settlement Agreement (Ex. 1 at ¶ 1.32) (the "Agreement"), includes the following:

> all non-excluded persons and entities who have, during the Class Period, received one or more gas royalty payments directly from Chesapeake under an Arkansas Lease, according to the business records maintained by Chesapeake. The Settlement Class excludes (i) Chesapeake and their respective predecessors, successors and affiliates; (ii) those persons or entities whose Owner Numbers are delineated on Exhibit F attached to the Class Settlement Agreement, all of whom have reached a resolution with Chesapeake or are presently litigating their claims outside of the *Looney* case, according to Chesapeake's records; (iii) those persons or entities whose Owner Numbers are delineated on Exhibit G attached to the Class Settlement Agreement, all of whom were members of the settlement class in *Vanoven et al. v. Chesapeake Energy Corporation, et al.*, Case No. 4:10-cv-158-BSM (U.S.D.C. E.D. Ark.), according to Chesapeake's records; (iv) those persons or entities whose Owner Numbers are delineated on Exhibit H attached to the Class Settlement Agreement, all of whom have royalties that have escheated, according to Chesapeake's records; (v) the federal government; (vi) legally-recognized Indian Tribes; and (vii) any person who serves as a

-2-

judge in this civil action and his/her spouse

5.      Attached as Exhibit "1" to the Preliminary Approval Motion is the Agreement describing the claims that are being settled on behalf of the Class (defined as the "Settled Claims"), setting forth the terms of the Parties' settlement, and incorporating the terms of this Final Judgment And Order of Dismissal (the "Final Judgment"). The Agreement is attached hereto as Exhibit 1 and its terms, including the definitions, are incorporated into this Final Judgment as if fully set forth herein. The Agreement and Final Judgment shall be referred to collectively herein as the "Settlement."

6.      After a hearing on the Parties' Preliminary Approval Motion, this Court entered an Order dated _____ __, 2016 (the "Preliminary Approval Order") preliminarily approving the Settlement and directing that notice of the proposed Settlement be mailed to the Settlement Class. The Court also set a hearing for _____ __, 2016, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate.

7.      In accordance with the Court's Preliminary Approval Order, the Settlement Administrator caused to be mailed to potential members of the Settlement Class (for whom Defendants had addresses available from their accounting records) a notice (the "Settlement Notice") in the form approved by the Court in the Preliminary Approval Order. Attached as Exhibit __ to the Memorandum in Support of Plaintiff's Unopposed Motion for Final Approval of Class Settlement ("Final Approval Memorandum") is the Affidavit of ___ which provides additional information concerning the mailing of notice. The Court finds that the Settlement Notice provided to potential members of the Settlement Class constituted the best and most practicable notice under the circumstances and included individual notice to all members of the Settlement Class who could be identified by reasonable efforts, thereby complying fully with due process and Rule 23 of the Federal Rules of Civil Procedure.

8.     Defendants caused to be mailed to the appropriate federal and state officials the materials required to be submitted by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"). The actions taken to comply with CAFA's notice requirements are more particularly described in the Affidavit of _____ attached to the Final Approval Memorandum. Accordingly, the Court finds that CAFA's notice requirements have been satisfied.

9.     On _____, 2016, the Court held a hearing on the proposed Settlement, at which time all interested persons were given an opportunity to be heard. Furthermore, the Court has read and considered all submissions in connection with the Settlement. Having done so, the Court has determined that approval of the Settlement will bestow a substantial economic benefit on the Settlement Class, result in substantial savings in time and money to the litigants and the Court and will further the interests of justice, and that the Settlement is the product of good-faith arm's length negotiations between the Parties.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

10.     The Agreement, including all of the terms defined therein including but not limited to the definitions of "Settled Claims," is incorporated herein. Any terms used in this Final Judgment are governed by their definitions in the Agreement. The Court has jurisdiction over the subject matter of this litigation and all parties to this litigation, including all members of the Settlement Class.

11.     The certified Settlement Class is defined for purposes of the Agreement and this Final Judgment as set forth in Paragraph 4 above.

12.     The Settlement was made in good faith and its terms are fair, reasonable, and adequate as to the Settlement Class.  Therefore, the Settlement is approved in all respects, and shall be binding upon, and inure to the benefit of, all members of the Settlement Class.

13.     The Settlement Class Excluded Members are not bound by either the Agreement or this Final Judgment.  The Settlement Class Excluded Members are identified by their name and associated owner number(s) in a Schedule filed contemporaneously herewith under seal. The Settlement Class Excluded Members may pursue their own individual remedies, if any, as to any of the Settled Claims.

14.     As of the Effective Date, Plaintiffs and the Settlement Class Members, and each of them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, successors and assigns, shall fully and forever release and discharge the Defendants, and their respective parents, subsidiaries, affiliated entities, predecessors, successors and assigns and each of their present, former and future officers, directors, employees, agents, any third party payment processors, independent contractors, successors, assigns, attorneys and legal representatives (collectively, "Defendant Releasees") from any and all of the Settled Claims, except for the rights and obligations created by the Agreement, and shall not commence, participate in, prosecute or cause to be commenced or prosecuted against the Defendant Releasees any action or other proceeding based upon any of the Settled Claims released pursuant to the Agreement.  The relief afforded under the Agreement fully and completely satisfies the Settlement Class Members' claims for relief in this case. This Release also covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members or by Plaintiffs or the Settlement

Class Members, or any of them, in connection with or related in any manner to the *Looney* case,

the settlement of the *Looney* case, the administration of this Settlement and/or the Settled Claims

except to the extent otherwise specified in the Agreement. The Final Judgment shall not,

however, operate or be construed to release any claims the Parties may have against any person

or entity who is not a Party to the Agreement except as provided above.

     15.    All Settled Claims are dismissed with prejudice.  All claims that are not Settled

Claims are dismissed without prejudice.

     16.    Neither this Final Judgment, the Agreement nor any document referred to herein

nor any action taken pursuant to—or to carry out—the Settlement may be used as an admission

by or against Defendant Releasees of any fact, claim, assertion, matter, contention, fault,

culpability, obligation, wrongdoing or liability whatsoever.

     17.    The Plan of Administration attached as Exhibit E to the Agreement, including the

plans for allocation and distribution set forth therein, is hereby approved and shall be

implemented by using the best reasonably available data and using the most practicable method

under the circumstances.

     18.    The Court has, by separate order, granted Class Counsel's "Motion for an Award

of Attorneys' Fees and Expenses and for an Incentive Award Payment to Class Representatives."

The amount of attorneys' fees, Litigation Expenses, and Administrative Costs awarded to Class

Counsel shall be distributed to Class Counsel from the Escrow Account pursuant to the terms of

the Escrow Agreement.

     19.    The Court reserves jurisdiction over this matter, the Parties, and all counsel

herein, without affecting the finality of this Final Judgment, including over (a) implementing,

administering and enforcing this Settlement and any award or distribution from the Settlement

Funds; (b) disposition of the Settlement Funds; and (c) other matters related or ancillary to the foregoing.

20.     Nothing set forth in this Final Judgment shall be construed to modify or limit the terms of the Agreement, but rather, the Agreement and this Final Judgment are to be construed together as one Settlement between the Parties.

21.     The Settlement and this Final Judgment shall have no *res judicata*, collateral estoppel, or other preclusive effect as to any claims other than the Settled Claims.

Dated: _____, 2016.

BY THE COURT:


_____
TIMOTHY L. BROOKS
United States District Court Judge

**EXHIBIT D**

**ESCROW AGREEMENT**

THIS ESCROW AGREEMENT (together with Schedule A described below, this "Agreement") is made effective the ___ day of ____, 2016, by and between/among Chesapeake Arkansas Qualified Settlement Fund ("First Party"); Chesapeake Energy Corporation ("Second Party"); and Citibank ("Escrow Agent"). First Party and Second Party are sometimes referred to herein jointly as the "Parties."

    **A.**    **APPOINTMENT AND AUTHORIZATION.** The Parties hereby authorize Escrow Agent to perform the duties and responsibilities set forth herein upon the terms, conditions and provisions set forth herein and in Schedule A attached hereto and incorporated herein for all purposes.

    **B.**    **GOVERNANCE AND CONTROL.** The Parties and Escrow Agent hereby agree that this Agreement sets forth all the duties, obligations and liabilities of Escrow Agent (collectively, "Escrow Agent's Duties") and all the rights, privileges and immunities of Escrow Agent (collectively, "Escrow Agent's Rights"). This Agreement (including Schedule A), and only this Agreement, shall govern and control Escrow Agent's Duties and Rights. Escrow Agent shall not be responsible for knowledge of or performance under the terms and conditions of any other agreement, instrument or document.

    **C.**    **ESCROW AGENT'S DUTIES**

        1.    Investment of Escrowed Funds. Escrow Agent shall invest the funds escrowed under this Agreement ("Escrowed Funds") as directed in Schedule A attached hereto.

        2.    Care of Escrowed Funds. Escrow Agent shall give the Escrowed Funds the same degree of care that Escrow Agent gives other funds held by it.

        3.    Income Payments and Reporting. Escrow Agent shall make payments of income earned on the Escrowed Funds as provided in Schedule A attached hereto. Each payee shall provide to Escrow Agent an appropriate W-9 form for tax identification number purposes. Escrow Agent shall be responsible only for income reporting to the Internal Revenue Service with respect to income earned on the Escrowed Funds.

    **D.**    **ESCROW AGENT'S RIGHTS**

        1.    Reliance on Authenticity and Validity. Escrow Agent (a) may rely upon the authenticity and validity of any notice, demand, consent, authorization, instruction, receipt, power of attorney, judgment or order delivered to Escrow Agent without being required to verify the authenticity and validity thereof, the validity of the service, the genuineness of the signature, or the jurisdiction of the court issuing any judgment or order, and (b) may act in accordance therewith.

        2.    Consultation of Legal Counsel. In the event of any ambiguity or dispute concerning the meaning or intent of any term, provision or condition set forth in this Agreement, after consulting with and receiving the approval of the Parties, Escrow Agent may consult legal

1

counsel of its choice and shall be fully protected and incur no liability in acting in accordance with the opinion and instructions of such counsel.

        3.      Refusal to Comply. In the event of any disagreement between/among the Parties and Escrow Agent that results in adverse claims or demands being made in connection with the Escrowed Funds, or in the event that Escrow Agent, in good faith, is in doubt as to what action Escrow Agent should take hereunder, Escrow Agent may, at its option, refuse to comply with any claims or demands on Escrow Agent, or refuse to take any other action hereunder, so long as such disagreement continues or such doubt exists. In any such event, Escrow Agent shall not become liable in any way or to any person for its failure or refusal to act, and Escrow Agent shall be entitled to continue to refrain from acting until (a) the rights of the involved parties have been fully and finally adjudicated by a court of competent jurisdiction, or (b) all differences have been adjusted and all doubt resolved by agreement between/among the involved parties, and Escrow Agent has been so notified in writing signed by all involved parties. Escrow Agent may, after thirty (30) calendar days' notice to the involved parties of its intention to do so, file an action in interpleader requiring the involved parties to answer and litigate any claims and rights between/among themselves. The rights of Escrow Agent under this paragraph are cumulative of all other rights which it may have by law or otherwise.

        4.      Confirmation of Instructions. In the event funds transfer instructions ("Instructions") are given in writing, including by electronic mail, by telefax or otherwise (other than in writing at the time of execution of this Agreement), Escrow Agent may (but shall not be obligated to) attempt to confirm the Instructions by telephone call back to the Authorized Representative who wrote the Instructions, and Escrow Agent may (a) rely upon such confirmation, and (b) record such call backs in order to ensure accuracy. Authorized Representatives and their telephone numbers for call backs may be changed only in writing actually received and acknowledged in writing by Escrow Agent.

        5.      Errors. The Parties agree to notify Escrow Agent of any errors, delays or other problems within thirty (30) calendar days after receiving notification that a transaction has been executed. If it is determined that the transaction was delayed or incorrectly executed due to Escrow Agent's negligence, gross negligence or willful misconduct, Escrow Agent's sole obligation shall be payment or refund of such amounts as may be required by applicable law. In no event shall Escrow Agent be responsible for any incidental or consequential damages or expenses in connection with Instructions.

        6.      Timely Receipt of Instructions

        a.      Escrow Agent shall have no obligation to invest or reinvest Escrowed Funds if all or a portion thereof is deposited with Escrow Agent after 2:00 PM Central Time on the Business Day of deposit. Instructions to invest or reinvest Escrowed Funds which are received after 2:00 PM Central Time shall be deemed received on the following Business Day. "Business Day" is any day on which Citibank is open for carrying on substantially all of its banking business other than Saturday, Sunday or Federal Reserve holiday.

        b.      Escrow Agent shall have the power to sell or liquidate investments whenever Escrow Agent is required to distribute amounts from the Escrowed Funds pursuant to this Agreement. Requests or instructions to liquidate all or any portion of the Escrowed Funds which

are received by Escrow Agent after 2:00 PM Eastern Time shall be deemed received on the following business day.

      **E.**      **NO LIABILITY.** Escrow Agent shall not be liable for its non-performance of any act or obligation hereunder by reason of any occurrence beyond its control (including, but not limited to, any act of God or war or terrorism, any present or future law or regulation, any act of any governmental authority, or the unavailability of the Federal Reserve Bank wire services or any other electronic communication facility).

      **F.**      **RESIGNATION; TERMINATION.** Escrow Agent may, in its sole discretion, resign as Escrow Agent hereunder by written instrument ("Resignation") delivered to the Parties as provided in Schedule A attached hereto at any time following thirty (30) calendar days' written notice to the Parties ("Notice of Intent to Resign"), and all of Escrow Agent's Duties and Rights shall be terminated as of the effective date of the Resignation. On said effective date, Escrow Agent shall deliver this Agreement, together with any and all related instruments, documents and records to any successor escrow agent agreeable to the Parties. If a successor escrow agent has not been appointed prior to the expiration of thirty (30) calendar days following the date of the Notice of Intent to Resign, the then-acting escrow agent may petition any court of competent jurisdiction for the appointment of a successor escrow agent, or other appropriate relief. Any such appointment shall be binding upon the Parties and Escrow Agent.

      **G.**      **MISCELLANEOUS**

      1.      Invalidity. If any provision of this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

      2.      Governing Law. This Agreement shall be construed and interpreted in accordance with the laws of the State of New York.

      3.      Interpretation. Where required for proper interpretation, words in the singular shall include the plural. The descriptive headings of the sections and paragraphs herein are for convenience only and shall not control or affect the meaning or construction of any of the provisions hereof.

      4.      Amendment. This Agreement may not be amended and no term, provision, condition, covenant or obligation hereof may be waived, except by an agreement in writing signed by the Parties and Escrow Agent.

      5.      Entire Agreement. This Agreement (including Schedule A) constitutes the entire agreement between the Parties and Escrow Agent pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings in connection therewith.

      6.      No Issuance of Materials. No printed or other material in any language, including prospectuses, notices, reports and/or promotional material, which mention "Citibank" by name or the rights, powers or duties of Escrow Agent under this Agreement shall be issued by the

Parties, or on behalf of the Parties, without the prior written consent of Escrow Agent, except that the Parties may notify the Court that Citibank is serving as the Escrow Agent.

       7.    **Multiple Counterparts.** This Agreement may be executed by facsimile or electronic signatures and in multiple counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

      Executed to be effective as of the date first above written.

**FIRST PARTY:**

**Chesapeake Arkansas Settlement Fund**

**By:** _____
**Name:** _____
**Title:** _____

**SECOND PARTY:**

**Chesapeake Energy Corporation**

**By:** _____
**Name:** _____
**Title:** _____

**ESCROW AGENT:**

**Citibank, a _____ banking corporation**

_____

By: _____

Name:_____

Title: _____

## ESCROW AGREEMENT

## SCHEDULE A

1.      The Escrow Agreement (the "Escrow Agreement") to which this Schedule A is attached and incorporated for all purposes therein is entered into incident to a Settlement Agreement dated ___, 2016 (the "Settlement Agreement") arising out of the case of *Looney, et al. v. Chesapeake Energy Corp., et al.*, case number 2:13-cv-02108, pending in the United States District Court for the Western District of Arkansas, Fort Smith Division (the "Court"). A copy of the Settlement Agreement is attached as Exhibit A hereto. The Escrow Agent is not a party to the Settlement Agreement and is not bound by any of the terms and conditions of the Settlement Agreement unless otherwise specified herein. For convenience, all terms defined in the Settlement Agreement shall have the same meaning when used in this Schedule A except as otherwise specified herein. For the purposes of this Escrow Agreement, Lead Class Counsel are: Larry D. Moffett of Daniel Coker Horton & Bell, P.A., and David S. Stellings of Lieff Cabraser Heimann & Bernstein, LLP; Defendant is Chesapeake Energy Corporation; the Tax Administrator is _____; the Escrow Agent is ____; and the Settlement Administrator is ____:

2.      Any notice required or permitted under the Escrow Agreement shall be sufficiently given if delivered personally, sent via overnight courier, sent by certified mail, return receipt requested, or sent by electronic mail, addressed as follows. Notices except to the Escrow Agent and the Tax Administrator also shall be sent via email to the addressees below.

For Lead Class Counsel:

Larry D. Moffett                     David S. Stellings
Daniel Coker Horton                  Lieff Cabraser Heimann
  & Bell, P.A.                          & Bernstein, LLP
P. O. Box 1396                       250 Hudson St., 8th Floor
Oxford, MS 38655-1396                New York, NY 10013
lmoffett@danielcoker.com             dstellings@lchb.com

For Chesapeake:

Fred R. Gipson
Chesapeake Energy Corporation
6100 N. Western
Oklahoma City, OK 73118
fred.gipson@chk.com

For the Escrow Agent:

For the Tax Administrator (for monthly statements only):

3.     The escrow account established by the Escrow Agent (the "Escrow Account") shall be designated as the "Chesapeake Arkansas Qualified Settlement Fund" (the "Fund"). It has been assigned the Employer Identification Number _____.   It is anticipated that as a result of a payment made by Defendant under the Settlement Agreement, ____ dollars ($____) in cash (the "Deposit Funds") will be deposited into the Escrow Account no later than____, 2016, upon execution of this Escrow Agreement. All deposits into the Escrow Account plus interest accrued thereon, including any redeposits of monies contemplated in Section 4 below, are hereinafter referred to as the "Escrowed Funds." The Escrow Agent shall have no duty or responsibility to solicit the deposit of the Escrowed Funds to the Escrow Account.

4.     The Escrowed Funds will be invested and reinvested by the Escrow Agent in repurchase agreements only of (1) direct United States Treasury obligations whose principle and interest is guaranteed by the government of the United States or (2) United States Government agency obligations. It is expressly acknowledged and agreed that upon depositing the Settlement Funds into the Escrow Account, Chesapeake shall have no further obligations to the Settlement Class, the Settlement Class Members, Class Counsel, or Lead Class Counsel with respect to the payment of Settlement Funds.

5.     The Escrow Account beginning prior to receipt of any deposits is intended to qualify and be treated for federal income tax purposes as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and U.S. Department of Treasury ("Treas.") Reg. § 1.468B-1.

a.     The Tax Administrator shall be the "administrator" (as that term is used in Treas. Reg. § 1.468B-2(k)(3)) of the Escrow Account and as such shall periodically prepare and shall file such federal, state or local returns, pay such federal, state or local taxes, comply with applicable federal, state or local information reporting requirements and otherwise generally comply with the rules and regulations applicable to qualified settlement funds under Treas. Reg. §§ 1.468B-1 and 1.468B-2 and relevant provisions of state and local tax law. The Escrow Agent, upon receipt of written authorization from an Authorized Representative for Lead Class Counsel and an Authorized Representative for Chesapeake, shall be authorized to remit Escrowed Funds from the Escrow Account (i) to satisfy such federal, state and local taxes as may be due with respect to the Settlement Fund and any fines, penalties or interest associated with late filings of such taxes and (ii) to reduce the amount of any payments under this Escrow Agreement by taxes paid. The Tax Administrator shall provide a completed W-9 for the Escrow Account to the Escrow Agent. Chesapeake will comply with the provisions of the U.S. Department of Treasury Regulations applicable to the transferor to a qualified settlement fund.

b.     The Tax Administrator, and, as required, Chesapeake, shall jointly and timely make (or cause to be jointly and timely made) the "relation-back elections" (as defined in Treas. Reg. § 1.468B-1(j)(2)(ii)) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations (or any successor regulations). It shall be the responsibility of the Tax Administrator to timely and properly prepare, and deliver the necessary documentation (including the disclosures and elections referred to above) for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

c.     The parties hereto acknowledge that the Escrow Agent shall not be held accountable for any duties or responsibilities assigned to the Tax Administrator or

Settlement Administrator as well as any fines, penalties or interest associated with late filings as a result of the failure or refusal of others to cooperate with the Escrow Agent causing such filing not to occur on a timely basis. Any such amounts shall be paid from the Escrowed Funds and not by Chesapeake or the Escrow Agent, who shall not in any event be liable for payment of any taxes, fines, penalties or interest associated with late filings.   The parties hereto acknowledge and agree that Escrow Agent has no responsibility for and makes no representation or warranty as to the status of qualification of the subject Settlement Agreement or this Escrow Account arrangement under applicable federal tax laws and/or regulations as referred to herein. The parties hereto may retain or hire a qualified third party or parties ("Qualified Third Party") to perform any of its duties or responsibilities specified herein or in Treas. Reg. § 1-468B-2.  The fees or costs of such Qualified Third Party shall be paid by the party retaining or hiring same.  The Tax Administrator's fees and costs shall be paid from the Escrowed Funds.

6.      The Escrow Account will automatically terminate after all Escrowed Funds are disbursed as set forth herein and in the Plan of Administration and Distribution, as approved by the Court.

7.      The Escrow Agent shall make disbursements from the Escrow Account as and in the manner as required by the Settlement Agreement; otherwise, all disbursements from the Escrow Account for tax payments, to members of the Settlement Class, the Settlement Administrator, or for any other purpose reasonably necessary to comply with the provisions of the Settlement Agreement or the Escrow Agreement, shall require written authorization from one Authorized Representative of Lead Class Counsel and one Authorized Representative of Chesapeake providing for such disbursement.  The Authorized Representatives for Lead Class Counsel are Larry D. Moffett and David S. Stellings, and the Authorized Representative for Chesapeake is Fred R. Gipson.  Specimen signatures of the Authorized Representatives for both Lead Class Counsel and Chesapeake are provided.

8.      Any modification to this Schedule A shall require authorization from Lead Class Counsel and an Authorized Representative for Chesapeake.  The Court shall have jurisdiction to resolve any disputes under this Escrow Agreement and Schedule A, and any party may make application to the Court for guidance or instructions relative to the implementation of the Escrow Agreement.  In the event of any conflict between the terms and conditions of this Schedule A and the Escrow Agreement, the terms and provisions of the Escrow Agreement shall control.

9.      Whenever a party provides any notice, instructions, order, or other documentation to the Escrow Agent, such party shall at the same time provide copies of such notice, instructions, order, or other documentation to the other party in the manner provided in Section 2 of this Schedule A.

LEAD CLASS COUNSEL:

_____

Larry D. Moffett
Daniel Coker Horton & Bell, P.A.


_____

David S. Stellings
Lieff Cabraser Heimann & Bernstein, LLP


CHESAPEAKE:

_____

Fred R. Gipson
Chesapeake Energy Corporation

TAX ADMINISTRATOR:

_____ as to Section 7 only


_____

Name: _____

**<u>Exhibit A to Schedule A</u>**

**<u>SETTLEMENT AGREEMENT</u>**

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**BILLY C. LOONEY; GOODWIN & HERMAN ASSOCIATES,**
**LLC, an Arkansas limited liability company; and SILOAM**
**MINERALS, LLC, an Arkansas limited liability company**

                                                                    **PLAINTIFFS**

**v.**                              **No. 2:15-CV-2108-TLB**

**CHESAPEAKE ENERGY CORPORATION, an Oklahoma**
**corporation; CHESAPEAKE OPERATING, L.L.C., formerly**
**doing business as CHESAPEAKE OPERATING, INC., an**
**Oklahoma corporation; CHESAPEAKE EXPLORATION, LLC,**
**an Oklahoma limited liability company; and CHESAPEAKE**
**ENERGY MARKETING, L.L.C., formerly doing business as**
**CHESAPEAKE ENERGY MARKETING, INC., an Oklahoma**      **DEFENDANTS**
**Corporation**

## PLAN OF ADMINISTRATION AND DISTRIBUTION

1.      Plan of Allocation

        (a)      Each Settlement Class Member's allocated share of the Settlement
Payment will be a pro-rata share, which will be calculated based on (i) the total dollar amount of
royalty payments which Chesapeake made to the Settlement Class Member during the period
March 6, 2008 through March 31, 2016, on gas produced by Chesapeake in Arkansas, as a
percentage of (ii) the total dollar amount of royalty payments which Chesapeake made to all
Settlement Class Members during the period March 6, 2008, through March 31, 2016, on gas
produced by Chesapeake in Arkansas.

        (b)      In order to obtain payment, the Settlement Class Member must endorse a
distribution check bearing a legend substantially in the form attached hereto as Exhibit 1.  By
endorsing a distribution check bearing such legend, the payee further acknowledges the release
of Chesapeake and its affiliates in accordance with the Court-approved Settlement and his or her
acceptance of all other provisions of the Court-approved Settlement.

2.   Heirship Notification Form   Some persons included in the Settlement Class definition may now be deceased ("Deceased Class Members"). In order to assist the Settlement Administrator in the allocation and distribution of funds attributable to the interests of Deceased Class Members, the Settlement Notice mailed to Settlement Class Members will be accompanied by an Heirship/Beneficiary Information Form ("Heirship Form"), which will be substantially in the form of the document attached hereto as Exhibit 2. If a Settlement Class Member believes that he or she is entitled to receive all, or some portion, of the settlement funds allocable to a Deceased Class Member under the Plan of Allocation, then the Settlement Class Member will be requested, but not required, to mail to the Settlement Administrator a completed Heirship Form containing the information and documents requested therein.

The provision of an Heirship Form will be requested as an aid to the Settlement Administrator in the distribution of the Settlement Funds, but shall not constitute a required proof of claim form, nor be a condition precedent to the allocation and distribution of settlement monies attributable to a Deceased Class Member's interests. In the absence of an Heirship Form, the Settlement Administrator may, but will not be required to, review records in Defendants' possession, including division orders, transfer orders, probate records, payment records, and like documents, and reasonably attempt to allocate and distribute Settlement Funds attributable to a Deceased Class Member's interest to the person, or persons, who received royalty payments from Chesapeake as a successor-in-interest to the Deceased Class Member in the ordinary course of business. The Settlement Administrator may also allocate and distribute Settlement Funds attributable to a Deceased Class Member's interests to the estate of the Deceased Class Member, with any such payment to be sent to such mailing address as may be readily ascertainable by the Settlement Administrator.

3.   Distribution of Settlement Proceeds

(a)   Within thirty (30) days after the Effective Date, the Settlement Administrator shall make a determination as to the amounts owed to each Settlement Class Member and shall issue and mail by first class U.S. Mail checks to each Settlement Class Member to whom a payment is owed.

(b)   The amount of money to be disbursed to each Settlement Class Member will be the Settlement Class Member's allocated share of the Settlement Funds as calculated in accordance with the Plan of Allocation, including any interest earned thereon, reduced by his or her proportionate share of Court-approved Litigation Expenses, Administrative Costs, and Attorneys' Fees, Incentive Award Payments, and any interest earned thereon.

(c)   The Settlement Administrator shall, not less than one year after the Effective Date, determine for the Court the total dollar amount of the distribution checks which were payable to Settlement Class Members but which were not negotiated by the Settlement Class Members for any reason, for example, because a Settlement Class Member could not be located or a Settlement Class Member failed or refused to negotiate his distribution check. All such unclaimed monies shall be transferred to a charitable organization agreed to by Plaintiffs and Chesapeake.

4.    <u>Disputed Claims</u>  Any dispute between persons who are, or who purport to be, Settlement Class Members concerning the distribution of a portion of the Settlement Funds will be submitted to the Court for resolution.  The persons involved in such dispute must submit their dispute to the Court within ninety (90) days after the Effective Date.  Such dispute shall not in any way affect, delay, or interfere with, the approval of the settlement or any distribution to any persons not involved in the dispute, including any distribution to other Settlement Class Members or Class Counsel.

5.    <u>Claims Based Upon Distributions</u>  No Settlement Class Member shall have any claim against the Class Representatives, Class Counsel, the Settlement Administrator, or Chesapeake based upon distributions made substantially in accordance with the Settlement Agreement, the Plan of Administration and Distribution, or orders of the Court, or in good faith reliance on any public records or records provided by Defendants or any other person or entity.

6.    <u>Final Report of Distribution by Settlement Administrator</u>  Within thirty (30) days after completing full distribution of the Settlement Funds, unless otherwise ordered by the Court, the Settlement Administrator shall file with the Court a Final Report (together with a proposed order approving such report and discharging the Settlement Administrator) indicating that the Settlement Funds have been distributed in accordance with the terms of the Settlement Agreement and the Court's prior orders.

7.    <u>Settlement Administrator</u>  As used herein and in the exhibits hereto, the term "Settlement Administrator" means any person approved by Lead Class Counsel to administer the Settlement in accordance with the Settlement Agreement, Final Judgment, and this Plan of Administration and Distribution.

8.    <u>Definitions</u>  All terms defined in the Settlement Agreement shall have the same meaning when used in this Plan of Administration and Distribution except as otherwise specified herein.

EXHIBIT E-1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY C. LOONEY; GOODWIN & HERMAN ASSOCIATES,
LLC, an Arkansas limited liability company; and SILOAM
MINERALS, LLC, an Arkansas limited liability company        **PLAINTIFFS**

v.                                  No. 2:15-CV-2108-TLB

CHESAPEAKE ENERGY CORPORATION, an Oklahoma
corporation; CHESAPEAKE OPERATING, L.L.C., formerly
doing business as CHESAPEAKE OPERATING, INC., an
Oklahoma corporation; CHESAPEAKE EXPLORATION, LLC,
an Oklahoma limited liability company; and CHESAPEAKE
ENERGY MARKETING, L.L.C., formerly doing business as
CHESAPEAKE ENERGY MARKETING, INC., an Oklahoma
Corporation                                                **DEFENDANTS**

CLASS ACTION SETTLEMENT
RATIFICATION OF SETTLEMENT AGREEMENT AND RELEASE
TO BE INCLUDED ON ENDORSEMENT TO DISTRIBUTION CHECKS

By endorsing and/or presenting this check for payment, each payee ratifies the Class

Action Settlement Agreement and individually, and for his successors and assigns, waives,

relinquishes and releases the Settled Claims of such payee against the Defendants, as and to the

same extent as set forth in the Class Action Settlement Agreement approved by the Court in

*Looney, et al. v. Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., Chesapeake*

*Exploration, LLC, and Chesapeake Energy Marketing, L.L.C.,* Civil Action No. 2:15-cv-2108-

TLB, in the United States District Court for the Western District of Arkansas, Fort Smith

Division.

{D0538419.1}

EXHIBIT E-2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY C. LOONEY; GOODWIN & HERMAN ASSOCIATES,
LLC, an Arkansas limited liability company; and SILOAM          PLAINTIFFS
MINERALS, LLC, an Arkansas limited liability company

v.                                No. 2:15-CV-2108-TLB

CHESAPEAKE ENERGY CORPORATION, an Oklahoma
corporation; CHESAPEAKE OPERATING, L.L.C., formerly
doing business as CHESAPEAKE OPERATING, INC., an
Oklahoma corporation; CHESAPEAKE EXPLORATION, LLC,
an Oklahoma limited liability company; and CHESAPEAKE
ENERGY MARKETING, L.L.C., formerly doing business as
CHESAPEAKE ENERGY MARKETING, INC., an Oklahoma
Corporation                                                    DEFENDANTS

---

CLASS ACTION SETTLEMENT
HEIRSHIP/BENEFICIARY INFORMATION FORM

---

The information in this form is solicited to assist the Settlement Administrator in the allocation
and distribution of monies attributable to the interests of persons included in the Settlement Class
definition who are now deceased ("Deceased Class Members").     If you are an heir or
beneficiary of a Deceased Class Member and thereby believe you are entitled to receive all, or
some portion, of the Settlement Payment allocable to a Deceased Class Member under the
Settlement Agreement's Plan of Allocation, then you are requested to provide the information set
forth below and mail the completed form in a postage-prepaid envelope, to the Settlement
Administrator listed below, postmarked no later than _____, 2016.

**You should send your completed form to**

        Chesapeake Arkansas Gas Royalties Settlement Administrator
        P. O. Box _____
        City, State, Zip

If you have any questions about this form, please write the Settlement Administrator at the
address above, or call the Settlement Administrator at [toll free #].

{D0538418.1}

The provision of an Heirship Form is requested as an aid to the Settlement Administrator in the distribution of the Settlement Payment, but shall not constitute a required proof of claim form. In the absence of an Heirship Form, the Settlement Administrator may review records in Defendants' possession, including division orders, transfer orders, probate records, payment records, and like documents, and reasonably attempt to allocate and distribute Settlement Payment monies attributable to a Deceased Class Member's interests, to the person, or persons, who received Royalty payments from the Producers as a successor-in-interest to the Deceased Class Member in the ordinary course of business.   The Settlement Administrator may also allocate and distribute Settlement Payment monies attributable to a Deceased Class Member's interests to the estate of the Deceased Class Member, with any such payment to be made payable to the estate of the Deceased Class Member and sent to such mailing address for the estate as may be readily ascertainable by the Settlement Administrator.

### Requested Information

A.       Provide the following information about the person submitting this form:

   1.   Current Name:

        _____

   2.   Any different name under which you may have received gas royalty
        payments from the Producers:

        _____

   3.   Current Address:        _____

   4.   Current Telephone Number:   _____

B.       Provide the following information about the Deceased Class Member to whom
         this Heirship Form pertains:

   1.   Name: _____

   2.   The approximate date of the Deceased Class Member's death:   _____

        _____

   3.   If known by you, the name of each Arkansas well operated by the
        Producers and in which the Deceased Class Member owned a mineral or
        royalty interest.

        _____

{D0538418.1}

4.    Identify each oil and gas lease under which the Deceased Class Member received royalty payments on gas produced by the Producers (if you know).

_____

_____

C.    List the name and address of each person and/or entity who is an heir or beneficiary of the Deceased Class Member and succeeded to the Deceased Class Member's mineral or royalty interests and specify the fractional share (e.g., 1/2, 1/3, etc.) of the Deceased Class Member's interests to which each such person or entity succeeded:

_____

_____

_____

D.    Attach copies of documentation, such as probate documents, transfer orders, division orders, and like documents, which evidence that the undersigned and the persons identified in paragraph C, above, succeeded to the Deceased Class Member's interests.

Your signature on this Heirship Form constitutes a representation that the information contained in this form and the documents provided with the form, are true and correct, to the best of your knowledge, information, or belief.

_____         _____
            Date                                    Signature

{D0538418.1}

## Looney v Chesapeake
## Excluded Owner List
## Exhibit F
## Owners Who Have Settled or are Litigating Outside of Class

| |
|---|
| 233266 |
| 257055 |
| 419098 |
| 421880 |
| 422325 |
| 563490 |
| 594049 |
| 594056 |
| 594064 |
| 594079 |
| 594080 |
| 594082 |
| 594084 |
| 594085 |
| 598366 |
| 615627 |
| 709323 |
| 750963 |
| 785176 |
| 785189 |
| 787114 |
| 792545 |
| 792546 |
| 792547 |
| 792548 |
| 792549 |
| 792550 |
| 794455 |
| 800731 |
| 802238 |
| 806014 |
| 902043 |
| 902045 |
| 902047 |
| 902049 |
| 959945 |
| 969256 |
| 988843 |

# Looney v. Chesapeake
## Excluded Owner List
## Exhibit G
## Owners Who Are Members of Settlement Class in *Vanoven*

| | | | | | | |
|---|---|---|---|---|---|---|
| 256005 | 243771 | 265609 | 595351 | 791554 | 805181 | 960914 |
| 403597 | 247142 | 265635 | 596360 | 791558 | 805399 | 960977 |
| 403600 | 247145 | 265638 | 598431 | 791559 | 805401 | 961261 |
| 569173 | 247146 | 266111 | 598432 | 792184 | 805665 | 961262 |
| 584579 | 247517 | 266117 | 598435 | 792239 | 805683 | 961263 |
| 786789 | 247726 | 268374 | 598436 | 792731 | 805686 | 961265 |
| 793800 | 247728 | 268573 | 599319 | 793635 | 805902 | 961267 |
| 801626 | 247729 | 268577 | 599393 | 793642 | 806012 | 961269 |
| 802200 | 247746 | 268583 | 601366 | 794128 | 806339 | 961271 |
| 993065 | 247942 | 268584 | 602961 | 794129 | 806356 | 961272 |
| 10584 | 247946 | 268589 | 602968 | 794337 | 806735 | 961274 |
| 15064 | 247976 | 268593 | 604075 | 794338 | 806736 | 961276 |
| 15065 | 247992 | 268595 | 604617 | 794865 | 806737 | 961278 |
| 16965 | 249834 | 268603 | 604831 | 796448 | 806738 | 963297 |
| 16970 | 250281 | 268607 | 604840 | 797830 | 806739 | 963353 |
| 19267 | 250597 | 268611 | 604855 | 801112 | 806740 | 963581 |
| 19725 | 250677 | 268612 | 604923 | 802671 | 806741 | 963833 |
| 20001 | 252403 | 268615 | 604927 | 802672 | 806742 | 963838 |
| 20157 | 252804 | 268616 | 604928 | 802673 | 806743 | 963857 |
| 20158 | 253365 | 268617 | 616544 | 802674 | 806746 | 963859 |
| 20987 | 253828 | 268618 | 641590 | 802675 | 807434 | 963864 |
| 20988 | 254319 | 268629 | 643837 | 802677 | 807807 | 963970 |
| 21077 | 254752 | 268631 | 660995 | 802678 | 807808 | 964071 |
| 21078 | 254772 | 268633 | 661097 | 802679 | 807810 | 964158 |
| 21079 | 254808 | 268635 | 669102 | 802681 | 807811 | 964255 |
| 21136 | 255000 | 268746 | 673091 | 802683 | 807813 | 964502 |
| 21143 | 255001 | 269264 | 674311 | 802685 | 807815 | 964503 |
| 21144 | 255018 | 269711 | 737593 | 802687 | 807816 | 964509 |
| 21145 | 255029 | 269712 | 737594 | 802688 | 807818 | 964521 |
| 21146 | 255030 | 269722 | 742818 | 802689 | 807821 | 964600 |
| 21227 | 255332 | 269730 | 768701 | 802690 | 807823 | 964926 |
| 29428 | 255471 | 419160 | 785273 | 802691 | 807824 | 965146 |
| 29763 | 255477 | 423427 | 785274 | 802692 | 807825 | 965191 |
| 30113 | 255494 | 423430 | 785276 | 802693 | 807827 | 965304 |
| 42139 | 255556 | 505063 | 785280 | 802694 | 807829 | 965309 |
| 52561 | 255620 | 505064 | 785282 | 802696 | 808166 | 965328 |
| 52565 | 255622 | 513107 | 785611 | 802698 | 808229 | 965545 |
| 52584 | 255623 | 523205 | 786396 | 802702 | 808232 | 966185 |
| 52589 | 255637 | 538144 | 786399 | 802704 | 808285 | 966518 |
| 52607 | 255638 | 538151 | 786407 | 802705 | 808291 | 966558 |
| 52625 | 255752 | 558524 | 786411 | 802711 | 809142 | 967521 |
| 52646 | 255825 | 562109 | 786666 | 802717 | 809144 | 967616 |
| 52663 | 255828 | 563809 | 786671 | 802720 | 809145 | 968380 |
| 52689 | 255829 | 564252 | 786734 | 802722 | 809147 | 972570 |
| 52692 | 255831 | 564254 | 786741 | 802723 | 809457 | 972772 |
| 64158 | 255832 | 570900 | 786756 | 802724 | 809458 | 972880 |
| 64159 | 255834 | 571298 | 786769 | 802725 | 810069 | 972956 |
| 65397 | 255838 | 572668 | 786786 | 802726 | 810874 | 973708 |
| 65398 | 255842 | 572840 | 786817 | 802727 | 811026 | 973834 |
| 65934 | 255872 | 572857 | 786819 | 802728 | 811633 | 974164 |

# Looney v. Chesapeake
## Excluded Owner List
## Exhibit G
## Owners Who Are Members of Settlement Class in *Vanoven*

| | | | | | | |
|---|---|---|---|---|---|---|
| 65935 | 255887 | 572879 | 786821 | 802730 | 812306 | 974165 |
| 65936 | 256030 | 572885 | 786893 | 802733 | 812348 | 974167 |
| 66725 | 256031 | 572887 | 786933 | 802734 | 812433 | 977500 |
| 66726 | 256038 | 572906 | 786941 | 802735 | 812434 | 977510 |
| 95494 | 256087 | 572907 | 786944 | 802736 | 812474 | 981488 |
| 96685 | 256090 | 572909 | 786947 | 802738 | 812765 | 981705 |
| 96686 | 256092 | 573475 | 786951 | 802739 | 813270 | 981818 |
| 133448 | 256094 | 574798 | 786954 | 802740 | 813454 | 981819 |
| 133449 | 256096 | 575718 | 786956 | 802741 | 815482 | 981862 |
| 133450 | 256150 | 575720 | 786984 | 802750 | 815483 | 981865 |
| 133451 | 256151 | 575721 | 787000 | 802751 | 816054 | 982994 |
| 135918 | 256245 | 575728 | 787001 | 802752 | 840507 | 982996 |
| 135920 | 256251 | 575732 | 787017 | 802753 | 840771 | 982997 |
| 138290 | 256810 | 575733 | 787039 | 802754 | 841589 | 983010 |
| 213588 | 256997 | 575739 | 787042 | 802755 | 841666 | 983014 |
| 223598 | 256998 | 575815 | 787046 | 802758 | 900386 | 983065 |
| 223679 | 257001 | 576696 | 787054 | 802761 | 901155 | 984054 |
| 224183 | 257005 | 576888 | 787092 | 802762 | 901165 | 985000 |
| 225640 | 257007 | 576913 | 787119 | 802763 | 901597 | 985005 |
| 226422 | 257335 | 577753 | 787120 | 802764 | 901779 | 985007 |
| 226957 | 258356 | 577978 | 787203 | 802765 | 901815 | 985010 |
| 227252 | 258492 | 577979 | 787219 | 802766 | 902755 | 985012 |
| 231008 | 258494 | 577980 | 787237 | 802769 | 902995 | 985015 |
| 231010 | 258769 | 577981 | 787251 | 802771 | 903001 | 985403 |
| 231602 | 258889 | 578509 | 787258 | 802772 | 903119 | 985423 |
| 233920 | 258896 | 580221 | 787300 | 802774 | 903805 | 985428 |
| 234789 | 259768 | 580511 | 787320 | 802776 | 904614 | 985430 |
| 234859 | 259810 | 580517 | 787379 | 802778 | 904616 | 985741 |
| 236973 | 259811 | 580519 | 787398 | 802779 | 904890 | 985768 |
| 237161 | 259812 | 580526 | 787425 | 802780 | 904893 | 985772 |
| 237163 | 259813 | 580716 | 787426 | 802781 | 904972 | 985773 |
| 237164 | 260298 | 581408 | 787501 | 802782 | 904979 | 988475 |
| 238181 | 260299 | 582333 | 787513 | 802783 | 904980 | 988477 |
| 238186 | 260300 | 582761 | 787514 | 802784 | 904982 | 988478 |
| 238187 | 260303 | 582770 | 787536 | 802785 | 905067 | 988480 |
| 238189 | 260806 | 582796 | 787539 | 802786 | 905068 | 988481 |
| 238193 | 261012 | 582798 | 787547 | 802787 | 906112 | 988482 |
| 238197 | 261376 | 582831 | 787549 | 802788 | 906285 | 994222 |
| 239299 | 262109 | 582986 | 787570 | 802789 | 906617 | 995020 |
| 239302 | 263975 | 582990 | 788537 | 802791 | 907204 | 995315 |
| 239303 | 263976 | 582993 | 788997 | 802792 | 907211 | 995588 |
| 239306 | 264340 | 582996 | 789911 | 802793 | 907254 | 995771 |
| 240333 | 264350 | 582998 | 789912 | 802794 | 907275 | 995806 |
| 240942 | 264475 | 583018 | 789913 | 802795 | 907592 | 995825 |
| 240944 | 264479 | 583044 | 789916 | 802796 | 907759 | 995829 |
| 240957 | 264489 | 583057 | 790250 | 802797 | 907930 | 995843 |
| 240959 | 264503 | 583063 | 790594 | 802798 | 909484 | 996118 |
| 240960 | 264525 | 583138 | 790606 | 802799 | 909992 | 996144 |
| 240965 | 264559 | 583959 | 790641 | 802804 | 909993 | 996151 |
| 240967 | 264561 | 584078 | 790645 | 802805 | 959531 | 996180 |

# Looney v. Chesapeake
## Excluded Owner List
## Exhibit G
## Owners Who Are Members of Settlement Class in *Vanoven*

| | | | | | | |
|---|---|---|---|---|---|---|
| 240970 | 264562 | 588229 | 790655 | 802806 | 959532 | 996183 |
| 240973 | 264573 | 590527 | 791055 | 802807 | 959533 | 996214 |
| 242384 | 264576 | 590614 | 791326 | 802808 | 960495 | 997359 |
| 243344 | 264593 | 592449 | 791335 | 802810 | 960797 | 998278 |
| 243409 | 265335 | 592715 | 791386 | 802811 | 960800 | 998279 |

# Looney v Chesapeake
# Excluded Owner List
# Exhibit H
# Owners with Escheated Royalties

| | | | | | | |
|---|---|---|---|---|---|---|
| 545498 | 709037 | 710791 | 712451 | 714172 | 715917 | 717870 |
| 10278 | 709040 | 710812 | 712463 | 714174 | 715922 | 717871 |
| 23321 | 709047 | 710818 | 712469 | 714177 | 715956 | 717872 |
| 66257 | 709054 | 710820 | 712470 | 714178 | 715978 | 717889 |
| 500838 | 709055 | 710829 | 712472 | 714183 | 715990 | 717895 |
| 504680 | 709074 | 710831 | 712478 | 714185 | 715993 | 717899 |
| 504681 | 709079 | 710838 | 712509 | 714187 | 715996 | 717903 |
| 504748 | 709084 | 710839 | 712512 | 714192 | 716009 | 717910 |
| 504801 | 709085 | 710844 | 712514 | 714196 | 716011 | 717921 |
| 507383 | 709147 | 710846 | 712524 | 714200 | 716014 | 717948 |
| 507954 | 709168 | 710864 | 712545 | 714203 | 716024 | 717955 |
| 508069 | 709176 | 710871 | 712562 | 714270 | 716026 | 717957 |
| 508071 | 709186 | 710878 | 712573 | 714313 | 716034 | 717963 |
| 508140 | 709199 | 710883 | 712586 | 714317 | 716036 | 717971 |
| 512479 | 709212 | 710890 | 712593 | 714319 | 716041 | 717973 |
| 521309 | 709224 | 710893 | 712596 | 714322 | 716042 | 717974 |
| 524022 | 709225 | 710894 | 712607 | 714324 | 716044 | 717977 |
| 527284 | 709256 | 710895 | 712610 | 714328 | 716049 | 717980 |
| 529732 | 709258 | 710896 | 712613 | 714341 | 716050 | 717985 |
| 546677 | 709259 | 710913 | 712616 | 714342 | 716052 | 717986 |
| 551874 | 709261 | 710936 | 712642 | 714345 | 716056 | 717988 |
| 553626 | 709265 | 710950 | 712653 | 714357 | 716058 | 717993 |
| 553730 | 709266 | 710951 | 712661 | 714358 | 716062 | 717996 |
| 553927 | 709268 | 710955 | 712681 | 714362 | 716067 | 717997 |
| 555041 | 709269 | 710959 | 712699 | 714411 | 716070 | 717999 |
| 555260 | 709272 | 710962 | 712724 | 714414 | 716074 | 718001 |
| 557681 | 709275 | 710969 | 712739 | 714419 | 716079 | 718003 |
| 560278 | 709327 | 710970 | 712742 | 714422 | 716080 | 718008 |
| 561203 | 709330 | 710971 | 712768 | 714426 | 716081 | 718011 |
| 561303 | 709334 | 710977 | 712797 | 714441 | 716095 | 718021 |
| 562534 | 709350 | 711009 | 712800 | 714444 | 716096 | 718024 |
| 564227 | 709356 | 711012 | 712805 | 714448 | 716123 | 718025 |
| 571304 | 709362 | 711018 | 712806 | 714455 | 716139 | 718026 |
| 571305 | 709366 | 711022 | 712807 | 714469 | 716147 | 718032 |
| 578588 | 709371 | 711023 | 712809 | 714471 | 716166 | 718034 |
| 581386 | 709372 | 711031 | 712812 | 714472 | 716189 | 718040 |
| 586847 | 709377 | 711033 | 712813 | 714473 | 716201 | 718061 |
| 589741 | 709378 | 711037 | 712814 | 714476 | 716224 | 718062 |
| 601844 | 709380 | 711046 | 712818 | 714495 | 716231 | 718063 |
| 629890 | 709385 | 711050 | 712823 | 714503 | 716244 | 718098 |
| 629905 | 709386 | 711068 | 712826 | 714505 | 716247 | 718103 |
| 629906 | 709388 | 711083 | 712828 | 714506 | 716255 | 718106 |
| 659081 | 709399 | 711086 | 712830 | 714507 | 716258 | 718124 |
| 662247 | 709404 | 711087 | 712833 | 714521 | 716285 | 718147 |
| 662250 | 709406 | 711088 | 712836 | 714536 | 716288 | 718152 |
| 662255 | 709410 | 711091 | 712840 | 714544 | 716292 | 718153 |
| 662261 | 709415 | 711097 | 712845 | 714549 | 716342 | 718157 |
| 662262 | 709417 | 711101 | 712849 | 714550 | 716344 | 718168 |
| 662265 | 709421 | 711104 | 712859 | 714566 | 716352 | 718171 |
| 662267 | 709422 | 711105 | 712871 | 714569 | 716353 | 718175 |

# Looney v Chesapeake
## Excluded Owner List
## Exhibit H
## Owners with Escheated Royalties

| | | | | | | |
|---|---|---|---|---|---|---|
| 662268 | 709423 | 711107 | 712872 | 714574 | 716363 | 718178 |
| 662277 | 709427 | 711117 | 712879 | 714583 | 716364 | 718189 |
| 662282 | 709440 | 711118 | 712884 | 714590 | 716367 | 718191 |
| 662295 | 709455 | 711129 | 712896 | 714596 | 716369 | 718196 |
| 664944 | 709457 | 711133 | 712898 | 714597 | 716385 | 718203 |
| 667930 | 709459 | 711143 | 712925 | 714598 | 716393 | 718204 |
| 668781 | 709460 | 711156 | 712929 | 714602 | 716400 | 718206 |
| 669417 | 709461 | 711160 | 712933 | 714606 | 716421 | 718208 |
| 670002 | 709466 | 711162 | 712943 | 714615 | 716424 | 718236 |
| 670815 | 709468 | 711166 | 712978 | 714616 | 716434 | 718238 |
| 671534 | 709469 | 711167 | 712986 | 714617 | 716439 | 718239 |
| 675835 | 709485 | 711172 | 713001 | 714618 | 716444 | 718266 |
| 675978 | 709486 | 711188 | 713010 | 714619 | 716445 | 718269 |
| 676846 | 709492 | 711198 | 713034 | 714622 | 716446 | 718272 |
| 677007 | 709495 | 711199 | 713048 | 714656 | 716452 | 718273 |
| 677451 | 709558 | 711218 | 713062 | 714657 | 716463 | 718274 |
| 677868 | 709591 | 711220 | 713065 | 714661 | 716471 | 718275 |
| 678289 | 709593 | 711221 | 713069 | 714667 | 716475 | 718277 |
| 678397 | 709608 | 711222 | 713070 | 714668 | 716496 | 718281 |
| 678562 | 709610 | 711235 | 713078 | 714670 | 716498 | 718286 |
| 678936 | 709626 | 711269 | 713080 | 714672 | 716519 | 718290 |
| 678955 | 709629 | 711278 | 713084 | 714680 | 716525 | 718295 |
| 678961 | 709667 | 711279 | 713088 | 714681 | 716526 | 718304 |
| 678972 | 709668 | 711281 | 713094 | 714685 | 716531 | 718312 |
| 678974 | 709670 | 711293 | 713108 | 714688 | 716534 | 718316 |
| 678979 | 709681 | 711301 | 713118 | 714715 | 716540 | 718355 |
| 680404 | 709689 | 711313 | 713121 | 714717 | 716548 | 718357 |
| 681806 | 709694 | 711317 | 713132 | 714725 | 716551 | 718370 |
| 682237 | 709697 | 711322 | 713135 | 714734 | 716564 | 718376 |
| 682550 | 709698 | 711326 | 713138 | 714753 | 716566 | 718403 |
| 683738 | 709700 | 711328 | 713142 | 714759 | 716582 | 718414 |
| 684114 | 709704 | 711346 | 713162 | 714773 | 716587 | 718440 |
| 684115 | 709716 | 711347 | 713166 | 714775 | 716593 | 718444 |
| 684532 | 709718 | 711362 | 713171 | 714791 | 716623 | 718459 |
| 685150 | 709737 | 711390 | 713173 | 714796 | 716633 | 718466 |
| 685598 | 709738 | 711395 | 713191 | 714805 | 716647 | 718469 |
| 685896 | 709739 | 711405 | 713204 | 714813 | 716648 | 718482 |
| 687175 | 709751 | 711409 | 713217 | 714843 | 716650 | 718484 |
| 688152 | 709770 | 711418 | 713220 | 714849 | 716654 | 718485 |
| 688179 | 709777 | 711434 | 713222 | 714853 | 716655 | 718486 |
| 696754 | 709779 | 711452 | 713228 | 714870 | 716659 | 718487 |
| 697083 | 709781 | 711455 | 713229 | 714877 | 716665 | 718499 |
| 697936 | 709782 | 711456 | 713247 | 714899 | 716667 | 718500 |
| 698245 | 709784 | 711460 | 713250 | 714900 | 716680 | 718502 |
| 707593 | 709786 | 711470 | 713251 | 714902 | 716682 | 718510 |
| 707804 | 709787 | 711471 | 713257 | 714904 | 716713 | 718514 |
| 707858 | 709796 | 711489 | 713260 | 714905 | 716752 | 718515 |
| 707883 | 709808 | 711491 | 713265 | 714907 | 716765 | 718523 |
| 707891 | 709811 | 711506 | 713274 | 714908 | 716769 | 718524 |
| 707910 | 709814 | 711507 | 713279 | 714943 | 716770 | 718525 |

# Looney v Chesapeake
## Excluded Owner List
## Exhibit H
## Owners with Escheated Royalties

| | | | | | | |
|---|---|---|---|---|---|---|
| 707913 | 709815 | 711508 | 713287 | 714948 | 716775 | 718526 |
| 707936 | 709817 | 711527 | 713296 | 714949 | 716777 | 718528 |
| 707945 | 709819 | 711535 | 713298 | 714950 | 716779 | 718530 |
| 707980 | 709823 | 711548 | 713324 | 714957 | 716780 | 718532 |
| 707987 | 709827 | 711555 | 713326 | 714967 | 716781 | 718533 |
| 707994 | 709832 | 711557 | 713352 | 714979 | 716783 | 718534 |
| 707995 | 709834 | 711558 | 713354 | 715009 | 716784 | 718540 |
| 708014 | 709837 | 711561 | 713360 | 715013 | 716786 | 718543 |
| 708039 | 709841 | 711566 | 713361 | 715018 | 716788 | 718545 |
| 708043 | 709847 | 711592 | 713362 | 715024 | 716789 | 718600 |
| 708045 | 709849 | 711614 | 713363 | 715030 | 716832 | 718625 |
| 708069 | 709855 | 711635 | 713368 | 715072 | 716837 | 718628 |
| 708072 | 709856 | 711638 | 713377 | 715073 | 716840 | 718629 |
| 708076 | 709859 | 711641 | 713379 | 715094 | 716850 | 718631 |
| 708077 | 709875 | 711645 | 713391 | 715097 | 716851 | 718640 |
| 708098 | 709882 | 711649 | 713401 | 715111 | 716852 | 718641 |
| 708099 | 709884 | 711651 | 713409 | 715115 | 716857 | 718642 |
| 708142 | 709888 | 711653 | 713413 | 715118 | 716859 | 718645 |
| 708145 | 709891 | 711656 | 713416 | 715122 | 716863 | 718649 |
| 708159 | 709893 | 711660 | 713422 | 715129 | 716864 | 718650 |
| 708165 | 709895 | 711661 | 713423 | 715131 | 716909 | 718652 |
| 708170 | 709896 | 711665 | 713424 | 715132 | 716912 | 718659 |
| 708174 | 709899 | 711673 | 713425 | 715133 | 716921 | 718661 |
| 708184 | 709901 | 711677 | 713428 | 715135 | 716932 | 718663 |
| 708185 | 709902 | 711681 | 713446 | 715138 | 716980 | 718665 |
| 708187 | 709909 | 711684 | 713447 | 715144 | 716984 | 718667 |
| 708195 | 709911 | 711686 | 713449 | 715149 | 716985 | 718671 |
| 708198 | 709914 | 711687 | 713452 | 715163 | 716990 | 718672 |
| 708200 | 709921 | 711688 | 713454 | 715167 | 717016 | 718674 |
| 708251 | 709958 | 711689 | 713479 | 715237 | 717018 | 718681 |
| 708252 | 710009 | 711694 | 713491 | 715243 | 717019 | 718698 |
| 708259 | 710014 | 711696 | 713494 | 715247 | 717020 | 718710 |
| 708260 | 710018 | 711698 | 713496 | 715255 | 717022 | 718711 |
| 708262 | 710020 | 711702 | 713499 | 715256 | 717028 | 718713 |
| 708269 | 710037 | 711710 | 713521 | 715258 | 717036 | 718732 |
| 708282 | 710046 | 711725 | 713525 | 715268 | 717067 | 718736 |
| 708283 | 710062 | 711749 | 713534 | 715271 | 717077 | 718737 |
| 708286 | 710063 | 711769 | 713541 | 715272 | 717088 | 718741 |
| 708292 | 710068 | 711770 | 713577 | 715273 | 717089 | 718748 |
| 708294 | 710081 | 711832 | 713592 | 715276 | 717091 | 718758 |
| 708296 | 710085 | 711852 | 713614 | 715277 | 717116 | 718768 |
| 708309 | 710097 | 711856 | 713621 | 715295 | 717118 | 718774 |
| 708310 | 710098 | 711866 | 713624 | 715301 | 717120 | 718785 |
| 708321 | 710100 | 711873 | 713626 | 715304 | 717122 | 718787 |
| 708326 | 710101 | 711883 | 713648 | 715313 | 717123 | 718795 |
| 708338 | 710125 | 711886 | 713649 | 715327 | 717124 | 718802 |
| 708341 | 710141 | 711893 | 713651 | 715333 | 717125 | 718803 |
| 708349 | 710146 | 711899 | 713654 | 715344 | 717134 | 718843 |
| 708352 | 710150 | 711911 | 713657 | 715349 | 717138 | 718849 |
| 708359 | 710159 | 711912 | 713661 | 715354 | 717153 | 718850 |

# Looney v Chesapeake
# Excluded Owner List
# Exhibit H
# Owners with Escheated Royalties

| | | | | | | |
|---|---|---|---|---|---|---|
| 708368 | 710192 | 711916 | 713662 | 715361 | 717160 | 731962 |
| 708369 | 710194 | 711919 | 713700 | 715379 | 717161 | 732015 |
| 708378 | 710195 | 711921 | 713705 | 715380 | 717163 | 732209 |
| 708381 | 710220 | 711922 | 713709 | 715388 | 717164 | 732210 |
| 708384 | 710221 | 711926 | 713717 | 715390 | 717182 | 732230 |
| 708390 | 710228 | 711929 | 713724 | 715394 | 717189 | 732276 |
| 708396 | 710230 | 711930 | 713728 | 715398 | 717190 | 732354 |
| 708400 | 710231 | 711941 | 713745 | 715404 | 717195 | 732376 |
| 708401 | 710232 | 711960 | 713752 | 715408 | 717196 | 732382 |
| 708433 | 710233 | 711971 | 713753 | 715434 | 717198 | 732410 |
| 708439 | 710234 | 711982 | 713765 | 715435 | 717204 | 732414 |
| 708466 | 710235 | 711988 | 713767 | 715443 | 717208 | 732481 |
| 708467 | 710236 | 711995 | 713781 | 715444 | 717216 | 732482 |
| 708468 | 710240 | 711998 | 713782 | 715446 | 717218 | 732486 |
| 708482 | 710245 | 712002 | 713790 | 715449 | 717223 | 732513 |
| 708489 | 710247 | 712004 | 713791 | 715454 | 717224 | 732618 |
| 708501 | 710253 | 712010 | 713792 | 715456 | 717227 | 732638 |
| 708511 | 710259 | 712021 | 713794 | 715457 | 717228 | 732673 |
| 708512 | 710296 | 712023 | 713797 | 715458 | 717229 | 732753 |
| 708525 | 710297 | 712024 | 713802 | 715475 | 717238 | 732787 |
| 708532 | 710298 | 712026 | 713810 | 715477 | 717303 | 732788 |
| 708534 | 710305 | 712027 | 713843 | 715479 | 717351 | 732789 |
| 708535 | 710307 | 712036 | 713844 | 715481 | 717354 | 732833 |
| 708542 | 710311 | 712038 | 713846 | 715483 | 717356 | 732876 |
| 708544 | 710316 | 712039 | 713857 | 715489 | 717357 | 732956 |
| 708553 | 710317 | 712043 | 713858 | 715506 | 717365 | 732958 |
| 708561 | 710323 | 712046 | 713860 | 715509 | 717370 | 732970 |
| 708571 | 710324 | 712099 | 713865 | 715511 | 717375 | 733026 |
| 708575 | 710325 | 712109 | 713867 | 715512 | 717378 | 733039 |
| 708578 | 710350 | 712134 | 713876 | 715517 | 717390 | 733040 |
| 708580 | 710353 | 712137 | 713877 | 715518 | 717391 | 733041 |
| 708581 | 710358 | 712139 | 713880 | 715519 | 717406 | 733110 |
| 708584 | 710359 | 712141 | 713883 | 715521 | 717417 | 733205 |
| 708602 | 710360 | 712142 | 713895 | 715545 | 717423 | 733247 |
| 708634 | 710392 | 712144 | 713900 | 715548 | 717424 | 733261 |
| 708657 | 710396 | 712147 | 713901 | 715552 | 717428 | 733284 |
| 708662 | 710399 | 712149 | 713905 | 715581 | 717458 | 733352 |
| 708667 | 710416 | 712152 | 713906 | 715584 | 717459 | 733382 |
| 708669 | 710417 | 712156 | 713907 | 715587 | 717473 | 733383 |
| 708676 | 710437 | 712159 | 713908 | 715620 | 717478 | 733408 |
| 708688 | 710449 | 712161 | 713910 | 715622 | 717480 | 733410 |
| 708693 | 710455 | 712178 | 713912 | 715625 | 717525 | 733414 |
| 708696 | 710457 | 712182 | 713915 | 715630 | 717540 | 733441 |
| 708702 | 710468 | 712183 | 713918 | 715638 | 717541 | 733545 |
| 708711 | 710469 | 712184 | 713920 | 715641 | 717542 | 733573 |
| 708716 | 710470 | 712187 | 713924 | 715674 | 717545 | 733907 |
| 708721 | 710472 | 712189 | 713926 | 715682 | 717547 | 733908 |
| 708729 | 710473 | 712190 | 713930 | 715685 | 717554 | 733949 |
| 708730 | 710475 | 712194 | 713932 | 715694 | 717558 | 734095 |
| 708756 | 710478 | 712199 | 713933 | 715713 | 717562 | 734127 |

# Looney v Chesapeake
## Excluded Owner List
## Exhibit H
## Owners with Escheated Royalties

| | | | | | | |
|---|---|---|---|---|---|---|
| 708760 | 710481 | 712200 | 713938 | 715722 | 717567 | 734263 |
| 708762 | 710542 | 712201 | 713946 | 715727 | 717568 | 734264 |
| 708766 | 710551 | 712204 | 713948 | 715728 | 717602 | 734388 |
| 708777 | 710554 | 712205 | 713956 | 715729 | 717605 | 734754 |
| 708809 | 710555 | 712227 | 713958 | 715731 | 717606 | 735122 |
| 708818 | 710557 | 712238 | 713966 | 715741 | 717612 | 735164 |
| 708826 | 710561 | 712253 | 713979 | 715743 | 717614 | 735198 |
| 708839 | 710562 | 712256 | 714039 | 715745 | 717615 | 735409 |
| 708848 | 710570 | 712257 | 714040 | 715753 | 717626 | 735520 |
| 708852 | 710571 | 712260 | 714043 | 715754 | 717650 | 735889 |
| 708857 | 710588 | 712262 | 714048 | 715764 | 717654 | 735913 |
| 708867 | 710598 | 712268 | 714092 | 715765 | 717659 | 735921 |
| 708869 | 710604 | 712270 | 714093 | 715770 | 717660 | 735922 |
| 708871 | 710627 | 712272 | 714099 | 715771 | 717663 | 735923 |
| 708877 | 710628 | 712275 | 714100 | 715772 | 717665 | 735924 |
| 708878 | 710629 | 712276 | 714101 | 715776 | 717668 | 735927 |
| 708886 | 710631 | 712277 | 714105 | 715777 | 717669 | 735937 |
| 708907 | 710635 | 712312 | 714110 | 715813 | 717670 | 735950 |
| 708909 | 710647 | 712315 | 714114 | 715830 | 717675 | 735955 |
| 708913 | 710651 | 712316 | 714118 | 715831 | 717682 | 735962 |
| 708917 | 710655 | 712320 | 714120 | 715832 | 717708 | 735967 |
| 708918 | 710672 | 712344 | 714121 | 715839 | 717710 | 741262 |
| 708919 | 710674 | 712352 | 714127 | 715841 | 717713 | 772366 |
| 708920 | 710676 | 712355 | 714129 | 715844 | 717719 | 772970 |
| 708926 | 710678 | 712373 | 714130 | 715845 | 717721 | 787812 |
| 708932 | 710681 | 712381 | 714131 | 715850 | 717722 | 789638 |
| 708933 | 710687 | 712393 | 714137 | 715853 | 717725 | 790686 |
| 708941 | 710693 | 712404 | 714143 | 715855 | 717726 | 791614 |
| 708943 | 710718 | 712413 | 714145 | 715856 | 717727 | 794869 |
| 708947 | 710720 | 712415 | 714146 | 715859 | 717732 | 794871 |
| 709014 | 710722 | 712419 | 714147 | 715860 | 717754 | 797047 |
| 709015 | 710728 | 712421 | 714150 | 715865 | 717781 | 797059 |
| 709016 | 710730 | 712424 | 714151 | 715866 | 717783 | 798923 |
| 709017 | 710752 | 712426 | 714153 | 715870 | 717787 | 801749 |
| 709018 | 710754 | 712429 | 714155 | 715871 | 717800 | 802748 |
| 709022 | 710755 | 712430 | 714157 | 715897 | 717802 | 841310 |
| 709026 | 710757 | 712436 | 714158 | 715899 | 717803 | 900587 |
| 709027 | 710758 | 712441 | 714160 | 715909 | 717821 | 964566 |
| 709029 | 710776 | 712447 | 714164 | 715913 | 717827 | 968009 |
| 709034 | 710786 | 712448 | 714167 | 715914 | 717841 | |