IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY C. LOONEY; GOODWIN & HERMAN
ASSOCIATES, LLC, an Arkansas limited
liability company; and SILOAM MINERALS, LLC,
an Arkansas limited liability company                          PLAINTIFFS

V.                          CASE NO. 2:15-CV-02108

CHESAPEAKE ENERGY CORPORATION,
an Oklahoma corporation; CHESAPEAKE OPERATING,
L.L.C., formerly doing business as CHESAPEAKE
OPERATING, INC., an Oklahoma corporation;
CHESAPEAKE EXPLORATION, LLC, an Oklahoma
limited liability company; and CHESAPEAKE ENERGY
MARKETING, L.L.C., formerly doing business as
CHESAPEAKE ENERGY MARKETING, INC.,
an Oklahoma Corporation                                        DEFENDANTS

**ORDER GRANTING CERTIFICATION OF SETTLEMENT CLASS
AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT**

This matter comes before the Court on Plaintiffs' unopposed Motion for Preliminary Approval of Class Settlement Agreement and Approval of Notice to Settlement Class Members (Doc. 36). On May 31, 2016, the Court held a hearing on the Motion, at which time it heard from the proposed class members and counsel for the parties. The Court then ruled from the bench, and granted the Motion. This Order contains more specific findings, and in the event of any conflict as compared to the bench ruling, this written Order shall control.

The Court, having reviewed and considered the Motion, the Memorandum in Support of the Motion (Doc. 37), the Class Action Settlement Agreement (Doc. 36-1) ("Settlement Agreement"), the proposed Notice of Class Settlement (Doc. 36-2), and pertinent portions of the entire record in this litigation to date, finds as follows:

1. Plaintiffs filed their original Complaint on June 3, 2015.[1] An Amended Complaint was filed on June 23, 2015. Plaintiffs' Amended Complaint alleges claims involving claims for breach of contract, breach of common law and statutory duties, violation of Ark. Code Ann. § 15-74-601, *et seq.*, and § 15-74-701, *et seq.*, violation of the Arkansas Deceptive Trade Practices Act, unjust enrichment, and accounting of royalties due and owing. Plaintiffs are seeking compensatory and statutory damages and injunctive relief. Plaintiffs' counsel and Defendants' counsel have engaged in exchanges of information for the purpose of clarifying the factual and legal issues, including class certification and the merits of Plaintiffs' claims, and have engaged in numerous discussions regarding the litigation and the possibility of a class settlement.

2. The parties have negotiated a Class Action Settlement Agreement (Doc. 36-1),[2] which contemplates that Defendants will fully and completely satisfy any and all claims of class members by depositing in an interest-bearing escrow account a total Settlement Payment in the amount of $3,250,000. The parties agree that the costs of administering the settlement, class representative fees, and the attorney's fees and costs of Class Counsel will be deducted from the $3,250,000 total settlement payment. By entering into the Settlement Agreement, neither Plaintiffs nor Defendants make any admissions relating to the claims and defenses raised in this lawsuit.

---

[1] An earlier version of this lawsuit was filed in this Court on March 6, 2013, Case No. 2:13-CV-02064, involving most of the same parties and asserting class claims similar to those present in the case at bar. The parties took significant discovery in that earlier lawsuit, and, following the parties' thorough briefing of the plaintiffs' motion for class certification, the Court held a hearing on March 19, 2015. However, before the Court could rule on the issue of class certification, the plaintiffs nonsuited the case on June 2, 2015.

[2] The parties mediated the case on January 14, 2016. *See* Declaration of Mediator, Doc. 40-1.

3. The Settlement Class, as defined in the Settlement Agreement, includes the following:

> All non-excluded persons and entities who have, during the Class Period, received one or more gas royalty payments directly from Chesapeake under an Arkansas Lease, according to the business records maintained by Chesapeake.

4. The Settlement Class excludes:

> (i) Chesapeake and their respective predecessors, successors and affiliates; (ii) those persons or entities whose Owner Numbers are delineated on Exhibit F attached to the Class Settlement Agreement, all of whom have reached a resolution with Chesapeake or are presently litigating their claims outside of the *Looney* case, according to Chesapeake's records; (iii) those persons or entities whose Owner Numbers are delineated on Exhibit G attached to the Class Settlement Agreement, all of whom were members of the settlement class in *Vanoven et al. v. Chesapeake Energy Corporation, et al.*, Case No. 4:10-cv-158-BSM (U.S.D.C. E.D. Ark.), according to Chesapeake's records; (iv) those persons or entities whose Owner Numbers are delineated on Exhibit H attached to the Class Settlement Agreement, all of whom have royalties that have escheated, according to Chesapeake's records; (v) the federal government; (vi) legally-recognized Indian Tribes; and (vii) any person who serves as a judge in this civil action and his/her spouse.

5. The Settlement Agreement between the Settlement Class and the Defendants appears, upon preliminary review, to be fair, reasonable, and adequate.

6. In determining that the proposed Settlement Agreement appears to be fair, reasonable and adequate, the Court has considered the following: (a) the proposed Settlement Agreement has been fairly and honestly negotiated; (b) sufficient questions of law and fact exist that make the outcome of a trial on the merits uncertain; (c) the value of the proposed Settlement Agreement is reasonable, given the possible outcome of protracted and expensive litigation; and (d) the parties and their attorneys, who are

very experienced in class action royalty underpayment litigation, believe that the Settlement Agreement is fair and adequate, and recommend that the Settlement Agreement be preliminarily approved.

7.  The parties entered into the Settlement Agreement only after engaging in a meaningful exchange of information, and with full knowledge of the critical factual and legal issues. The Settlement Agreement is the product of non-collusive, arms-length bargaining.

8.  The Class Settlement avoids the time and expense of continuing this litigation for an indeterminate period of time, with attendant risks, costs, and delay for both sides.

9.  Class members will receive benefits from the Settlement Agreement, as Defendants have agreed to make a Settlement Payment to the benefit of the Settlement Class in the amount of $3,250,000.00.

10. Defendants also benefit from the Settlement Agreement, through the avoidance of protracted and expensive litigation, the final resolution of disputes with the Settlement Class members, and the promotion of a mutually productive business relationship with the Settlement Class members.

11. As the Settlement Class satisfies the criteria set forth in Rule 23(a) and (b), the Settlement Class is preliminarily certified for settlement purposes only, pursuant to Rule 23(e).

12. In granting preliminary certification to the Settlement Class, the Court finds that it is sufficiently numerous to satisfy Rule 23(a)'s numerosity requirement because it

includes more than one hundred people, and joinder of their claims would be impracticable.

13. Further, on preliminary review, Plaintiffs' claims appear to be typical of the Settlement Class Members' claims, in that they and all other Settlement Class members were allegedly subject to Defendants' alleged improper royalty payment practices. Plaintiffs are adequate class representatives who have no conflicts with the Settlement Class members, and their counsel have significant experience litigating gas royalty class actions. Therefore, Plaintiffs satisfy the typicality and adequacy requirements of Rule 23(a).

14. Not faced with a contested motion to certify a class, and for purposes of class settlement only, the Court finds that there are factual issues common to all Settlement Class members, and those common issues predominate over issues that are individual to the Settlement Class members. Plaintiffs assert that the common issues include, but are not limited to, whether deductions on the Settlement Class members' royalty check stubs were incorrectly or not reported; whether costs were improperly deducted from the Settlement Class members' royalty payments; whether gas was sold at prices that were less than market value prices; and whether royalties on certain volumes of gas were not properly paid. The Court finds, therefore, that on preliminary review, the commonality requirement of Rule 23(a) and the predominance requirement of Rule 23(b)(3) appear to be satisfied.

15. Not faced with a contested motion to certify a class, and for purposes of class settlement only, the Court further finds that treatment of this litigation as a class action is superior to resolution through thousands of separate individual lawsuits,

because important issues in the case are common to all Settlement Class members, and class treatment enhances judicial efficiency. Therefore, the superiority element of Rule 23(b)(3) is satisfied upon preliminary review.

16.     The Notice of Class Settlement (Doc. 36-2) to be mailed to the members of the Settlement Class adequately informs the Settlement Class members of the following:  (1) the nature of this class action lawsuit; (2) the definition of the proposed Settlement Class; (3) the subject of the Settlement Class members' claims; (4) that a Settlement Class member may enter an appearance through an attorney if the Settlement Class member so desires; (5) that the Court will exclude from the Settlement Class any member who timely requests exclusion; (6) the time and manner for requesting exclusion; (7) a description of the terms of the Settlement Agreement, including information about the Settlement Class members' right to obtain a copy of the Settlement Agreement; (8) the right of any Settlement Class member to object to the proposed Settlement Agreement, and the deadline for any such objections; and (9) the binding effect of the Settlement Agreement on Settlement Class members who do not elect to be excluded from the Settlement Class.

---

In light of the Court's findings above, and pending further consideration of the proposed Class Settlement at the final approval hearing, **IT IS HEREBY ORDERED** that Plaintiffs' unopposed Motion for Preliminary Approval of Class Settlement Agreement and Approval of Notice to Settlement Class Members (Doc. 36) is **GRANTED**, and the Settlement Agreement is preliminarily approved.

**IT IS FURTHER ORDERED** that:

1. The Settlement Class is certified for settlement purposes only, pursuant to Rule 23(e), and the named Plaintiffs are appointed Class Representatives for the Settlement Class.

2. Plaintiffs' counsel, Thomas P. Thrash, Larry D. Moffett, Don Barrett, David Stellings, Daniel Seltz, Steven Shults, Debra Brown, and Matthew H.P. Warner, are appointed Class Counsel for the Settlement Class.

3. Plaintiffs' counsel are to notify the Caruso Law Firm, P.C. and Smolen & Roytman, PLLC, who are former counsel for the plaintiffs in the earlier lawsuit, Case No. 2:13-CV-02064, as to the status of the settlement of this matter by providing them with a copy of this Order. The Court found in the earlier lawsuit (Doc. 85, Case No. 2:13-CV-02064), that the Caruso and Smolen firms were not entitled to assert a lien against the potential recovery of the putative class in that case, but they were entitled to assert a lien against the potential recovery of the named plaintiffs with whom they had contracted to provide legal representation. To the extent said prior attorneys believe there is a basis to recover any fees or costs from the settlement proceeds, they must file a formal motion by no later than June 22, 2016.

4. By no later than June 13, 2016, Defendants shall deposit the Settlement Payment of Three Million Two Hundred Fifty Thousand Dollars ($3,250,000) into the Escrow Account established pursuant to the Escrow Agreement, as provided for in paragraph 5.1 of the Settlement Agreement.

5. The form and content of the Settlement Notice (Doc. 36-2) are hereby approved as reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure.

6. The Settlement Administrator shall complete the mailing of the Settlement Notice to the Settlement Class members no later than 30 days from the entry of this Order.

7. The parties shall file motions and memoranda in support of final approval of the Settlement Agreement, and Class Counsel shall file their request for attorney's fees, expense reimbursements, and Incentive Award Payments for the named Plaintiffs, no later than 60 days from the entry of this Order.

8. Any member of the Settlement Class who wishes to object to or comment on the proposed Settlement Agreement, or to object to Class Counsel's request for attorney's fees, expense reimbursements, or Incentive Award Payments for the named Plaintiffs, must comply with all requirements detailed in the Settlement Notice and postmark and mail such objections or comments no later than 75 days from the entry of this Order. In accordance with the procedures set forth in the Settlement Notice, any such objections or comments must be mailed to Class Counsel, Defendants' counsel, and the Court.

9. Any member of the Settlement Class who wishes to exclude herself from the Settlement Agreement must comply with all requirements detailed in the Settlement Notice and postmark and mail the exclusion request to the Settlement Administrator no later than 75 days from the entry of this Order.

10. Class Counsel and Defendants may file a response to any Settlement Class member's objections or comments no later than 95 days from the entry of this Order. A copy of such response shall be mailed to all Settlement Class members who have submitted timely objections or comments.

11. Any Settlement Class member who wishes to appear and be heard at the final approval hearing must comply with all requirements detailed in the Settlement Notice and postmark and mail notice of such intention no later than 105 days from the entry of this Order. Notice of such intention must be mailed to Class Counsel, to Defendants' counsel, and to the Court.

12. The Court will conduct a hearing to consider final approval of the proposed Settlement Agreement, and Class Counsel's request for attorney's fees, expense reimbursements, and Incentive Award Payments for Plaintiffs, beginning at 1:30 p.m. on September 26, 2016, in the Fifth Floor Courtroom in Fayetteville, Arkansas. The purpose of the final fairness hearing will be to determine whether the Settlement Agreement is fair, adequate, and reasonable; whether Class Counsel's application for an award of attorney's fees, expense reimbursements, and incentive awards for Plaintiffs should be approved; and whether this Court should approve the Settlement Agreement and enter a final judgment and order of dismissal.

13. All pending pleading, discovery, and case management deadlines in this action are stayed until further order of this Court.

**IT IS SO ORDERED** on this 1st day of June, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE