IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY C. LOONEY; GOODWIN & HERMAN
ASSOCIATES, LLC, an Arkansas limited
liability company; and SILOAM MINERALS, LLC,
an Arkansas limited liability company                          **PLAINTIFFS**

V.                              **CASE NO. 2:15-CV-02108**

CHESAPEAKE ENERGY CORPORATION,
an Oklahoma corporation;
CHESAPEAKE OPERATING, LLC,
formerly doing business as
CHESAPEAKE OPERATING, INC.,
an Oklahoma corporation;
CHESAPEAKE EXPLORATION, LLC,
an Oklahoma limited liability company;
and CHESAPEAKE ENERGY MARKETING, LLC,
formerly doing business as
CHESAPEAKE ENERGY MARKETING, INC.,
an Oklahoma Corporation

                                                **DEFENDANTS**

## ORDER OF FINAL APPROVAL AND JUDGMENT

This matter comes before the Court upon the parties' Joint Motion for Final Approval

of the Class Action Settlement (Doc. 53). The Motion is hereby **GRANTED**, and the Court

makes the following findings:

1.      Plaintiffs filed their original Complaint on June 3, 2015. An Amended

Complaint was filed on June 23, 2015. Plaintiffs' Amended Complaint alleges claims for

breach of contract, breach of common law and statutory duties, violations of Ark. Code

Ann. § 15-74-601, *et seq.* and § 15-74-701, *et seq.*, violations of the Arkansas Deceptive

1

Trade Practices Act, unjust enrichment, and accounting of royalties due and owing.

Plaintiffs are seeking compensatory and statutory damages and injunctive relief.

2.      The parties have negotiated a Class Settlement Agreement (Doc. 36-1).

Through this Class Settlement Agreement, Defendants will fully and completely satisfy any

and all claims of Class Members by paying Class Members a total payment of $3,250,000.

The cost of administration of the settlement, class representative fees and attorneys' fees,

and costs of Class Counsel will be paid from the $3,250,000 Settlement Fund. By entering

into the Class Settlement Agreement, neither Plaintiffs nor Defendants make any

admissions relating to the claims and defenses raised in this lawsuit.

3.      On April 1, 2016, the parties filed an Agreed Motion for Preliminary Approval

of Class Settlement Agreement and Approval of Notice to Settlement Class Members (Doc.

36), seeking preliminary approval of a Class Settlement Agreement that resolves the

claims of the Settlement Class.

4.      The Settlement Class includes the following:

All non-excluded persons and entities who have, during the Class Period,
received one or more gas royalty payments directly from Chesapeake under
an Arkansas Lease, according to the business records maintained by
Chesapeake. The Settlement Class excludes (i) Chesapeake and their
respective predecessors, successors and affliates; (ii) those persons or
entities whose Owner Numbers are delineated on Exhibit F attached to the
Class Settlement Agreement, all of whom have reached a resolution with
Chesapeake or are presently litigating their claims outside of the *Looney*
case, according to Chesapeake's records; (iii) those persons or entities
whose Owner Numbers are delineated on Exhibit G attached to the Class
Settlement Agreement, all of whom were members of the settlement class
in *Vanoven et al. v. Chesapeake Energy Corporation, et al.*, Case No.
4:10-cv-158-BSM (U.S.D.C. E.D. Ark.), according to Chesapeake's records;
(iv) those persons or entities whose Owner Numbers are delineated on
Exhibit H attached to the Class Settlement Agreement, all of whom have
royalties that have escheated, according to Chesapeake's records; (v) the

2

federal government; (vi) legally-recognized Indian Tribes; and (vii) any person who serves as a judge in this civil action and his/her spouse.

(Doc. 36-1, p. 8, ¶ 1.32).

5.    The Class Settlement Agreement describes the claims that are being settled on behalf of the Class (defined as the "Settled Claims"), sets forth the terms of the parties' settlement, and incorporates the terms of this Order of Final Approval and Judgment.

6.    After a hearing on the parties' Preliminary Approval Motion, this Court entered an Order (Doc. 42), dated June 1, 2016 (the "Preliminary Approval Order"), preliminarily approving the Settlement described in the Class Settlement Agreement and directing that notice of the proposed Settlement be mailed to the Settlement Class.  The Court also set a hearing for 1:30 p.m. on September 26, 2016, to determine whether the proposed Settlement should be given final approval, as fair, reasonable, and adequate.

7.    In accordance with the Court's Preliminary Approval Order, the Settlement Administrator caused to be mailed to potential members of the Settlement Class (for whom Defendants had addresses available from their accounting records) a notice (the "Settlement Notice") in the form approved by the Court in the Preliminary Approval Order. The Affidavit of Brian Manigault (Doc. 53-2) provides additional information concerning the mailing of the Settlement Notice, as well as other actions that were undertaken by the Settlement Administrator to provide notice to the Settlement Class.  The Court now finds that the Settlement Notice constituted the best and most practicable notice under the circumstances and included individual notice to all members of the Settlement Class who could be identified by reasonable efforts, thereby complying fully with due process and Rule 23 of the Federal Rules of Civil Procedure.

3

8. On September 26, 2016, the Court held a final approval hearing, at which time all interested persons were given an opportunity to be heard. The Preliminary Approval Order had afforded Class Members an opportunity to file objections to the Settlement, and the Court received written objections from one individual, E. Gary Torelli, and one group known as the "Cambiano Objectors."[1] During the hearing on September 26, 2016, counsel for the Cambiano Objectors submitted evidence and presented witnesses regarding their objections. Mr. Torelli chose not to appear at the hearing.

The Court fully considered all objections—save one lodged by Mr. Torelli concerning the reasonableness of Class Counsel's request for attorneys' fees, which will be addressed by separate order—and on October 7, 2016, entered a Memorandum Opinion and Order on Objections to Final Approval of Class Action Settlement (Doc. 87), in which the Court overruled all merits-based objections except one. The one objection that was sustained by the Court involved the proper procedure for providing CAFA Notice of Settlement to "the appropriate State official of each State in which a class member resides," pursuant to 28 U.S.C. § 1715(b). By Proof of Service dated October 31, 2016 (Doc. 88), Defendants have now established that they have served notice of the proposed Class Settlement Agreement on all state attorneys general as of October 3, 2016. No objections were filed by the deadline, and thus, the statutory notice requirements are now satisfied. As a result, the Court finds that no outstanding merits-based objections exist with respect to the Class Settlement Agreement, and the CAFA-related objection that was previously sustained is

---

[1] The "Cambiano Objectors" are Pinion Energy Company, Charter Land Company, LLC, Petit Jean Land Company, LLC, Mark Cambiano, The Haroldine H. Hammond Living Trust, The Mary E. Hammond Living Trust, and Paraclifta Land and Minerals, Limited Partnership.

4

now **MOOT**.  The Court further finds that approval of the Class Settlement Agreement will bestow a substantial economic benefit on the Settlement Class, will result in substantial savings in time and money to the litigants and the Court, will further the interests of justice, and is the product of good-faith, arm's length negotiations between the parties.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT**:

1.      The Class Settlement Agreement, including all of the terms defined therein, including but not limited to the definitions of "Settled Claims," is incorporated in this Order of Final Approval and Judgment.  Any terms used herein are governed by their definitions in the Class Settlement Agreement (Doc. 36-1).  The Court maintains jurisdiction over the subject matter of this litigation and all parties to this litigation, including all members of the Settlement Class.

2.      The certified Settlement Class is defined for purposes of the Class Settlement Agreement and this Final Judgment as set forth in Paragraph 4 above.

3.      The Class Settlement Agreement was entered into in good faith, and its terms are fair, reasonable, and adequate as to the Settlement Class.  Therefore, the Class Settlement Agreement is approved in all respects, and shall be binding upon, and inure to the benefit of, all members of the Settlement Class.

4.      The Settlement Class's Excluded Members, as that term is defined in the Class Settlement Agreement (Doc. 36-1, p. 5, ¶ 1.13) and Paragraph 4 above, are not bound by either the Class Settlement Agreement or this Final Judgment.  These Excluded Members may pursue their own individual remedies, if any, as to any of the Settled Claims.

5

5.      As of the Effective Date, Plaintiffs and the Settlement Class Members, and each of them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, successors and assigns, shall fully and forever release and discharge the Defendants, and their respective parents, subsidiaries, affiliated entities, predecessors, successors and assigns and each of their present, former and future officers, directors, employees, agents, any third party payment processors, independent contractors, successors, assigns, attorneys and legal representatives (collectively, "Defendant Releasees") from any and all of the Settled Claims, except for the rights and obligations created by the Class Settlement Agreement, and shall not commence, participate in, prosecute or cause to be commenced or prosecuted against the Defendant Releasees any action or other proceeding based upon any of the Settled Claims released pursuant to the Class Settlement Agreement.

The relief afforded under the Class Settlement Agreement fully and completely satisfies the Settlement Class Members' claims for relief in this case. This Release also covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or by the Plaintiffs or Settlement Class Members themselves, in connection with or related to the instant case, including the Settlement of the case, the administration of the Settlement, and/or the Settled Claims except to the extent otherwise specified in the Class Settlement Agreement. The Final Judgment shall not, however, operate or be construed to release any claims the parties may have against any person or entity who is not a party to the Class Settlement Agreement, except as provided above.

6

6.      All Settled Claims are dismissed with prejudice.  All claims that are not Settled Claims are dismissed without prejudice.

7.      Neither this Final Judgment, the Class Settlement Agreement, nor any document referred to herein, nor any action taken pursuant to the Settlement may be used as an admission by or against Defendant Releasees of any fact, claim, assertion, matter, contention, fault, culpability, obligation, wrongdoing, or liability whatsoever.

8.      The Plan of Administration and Distribution, attached as Exhibit E to the Class Settlement Agreement, *see* Doc. 36-1, pp. 55-57, is hereby approved and shall be implemented by using the best reasonably available data and using the most practicable method under the circumstances.

9.      The Court hereby awards Class Counsel **$1,035,729.79** in attorneys' fees and **$142,810.64** in expenses and costs, to be paid from the Settlement Fund consistent with the terms of the Class Settlement Agreement.  Only Class Counsel appointed by the Court shall be entitled to receive the fees and expenses awarded by the Court.  The amount of attorneys' fees, litigation expenses, and administrative costs awarded to Class Counsel shall be distributed to Class Counsel from the Escrow Account pursuant to the terms of the Escrow Agreement.  Following the payment of Class Counsel's fees and expenses, the Court directs that a **$5,000.00** incentive award be paid to Class Representatives Billy C. Looney, Goodwin & Herman Associates, LLC, and Siloam Minerals, LLC, from the Settlement Fund.

        The following Table summarizes and categorizes the distributions approved by the Court:

7

| Gross Settlement Amount | $3,250,000.00 |
|---|---|
| Less Class Counsel's Expenses | -$ 142,810.64 |
| **Subtotal 1** | $3,107,189.36 |
| Less Class Counsel's Fees (1/3 of Subtotal 1) | -$1,035,729.79 |
| **Subtotal 2** | $2,071,459.57 |
| Less Incentive Payments to Class Representatives:<br>(1) Billy C. Looney<br>(2) Goodwin & Herman Associates, LLC<br>(3) Siloam Minerals, LLC | -$ 5,000.00<br>-$ 5,000.00<br>-$ 5,000.00 |
| **Net Proceeds\* to Be Distributed to Settlement Class** (pursuant to the Class Settlement Agreement's Plan of Administration and Distribution, Doc. 36-1, pp. 55-57) | $2,056.459.57 |

\* Any and all interest on proceeds in Escrow should be added to this Net amount.

10.    Notwithstanding the finality of the Judgment entered herein, the Court will continue to retain jurisdiction over the administration and consummation of the Class Settlement Agreement, including the final resolution of any issues that may arise concerning the distribution of the settlement funds, attorneys' fees and expenses, and the Class Representative incentive awards.

11.    Nothing set forth in this Order of Final Approval and Judgment shall be construed to modify or limit the terms of the Class Settlement Agreement, but rather, the Agreement and this Final Judgment are to be construed together as one Settlement between the parties.

12.    The Class Settlement Agreement and this Final Judgment shall have no res judicata, collateral estoppel, or other preclusive effect as to any claims other than the Settled Claims.

8

**IT IS SO ORDERED** on this ___ day of January, 2017.

                                              _____

                                              TIMOTHY L. BROOKS
                                              UNITED STATES DISTRICT JUDGE

9