IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY C. LOONEY; GOODWIN & HERMAN
ASSOCIATES, LLC, an Arkansas limited
liability company; and SILOAM MINERALS, LLC,
an Arkansas limited liability company                                   PLAINTIFFS

V.                          CASE NO. 2:15-CV-02108

CHESAPEAKE ENERGY CORPORATION,
an Oklahoma corporation;
CHESAPEAKE OPERATING, LLC,
formerly doing business as
CHESAPEAKE OPERATING, INC.,
an Oklahoma corporation;
CHESAPEAKE EXPLORATION, LLC,
an Oklahoma limited liability company;
and CHESAPEAKE ENERGY MARKETING, LLC,
formerly doing business as
CHESAPEAKE ENERGY MARKETING, INC.,
an Oklahoma Corporation                                                 DEFENDANTS

## ORDER ON ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

Now pending before the Court are Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards (Doc. 51) and Brief in Support (Doc. 52), and Class Counsel's Supplemental Motion for Fees (Doc. 89). Defendants do not oppose either Motion.

The Court heard oral argument on the issue of fees during a hearing on September 26, 2016, at which time the Court also considered the parties' Joint Motion for Approval of Class Action Settlement, as well as objections to the proposed settlement by certain class members. One of those objectors, class member E. Gary Torelli, noted in his written

1

objections that he believed the amount of attorneys' fees requested by Class Counsel was "much too high" and should be lowered to "no more than 10% [of the settlement] total." (Docs. 63, 76). On October 7, 2016, the Court entered an Order (Doc. 87) resolving nearly all the outstanding objections to the Class Settlement Agreement, including Mr. Torelli's, but expressly reserved ruling on Mr. Torelli's specific objection to the reasonableness of Class Counsel's fee request. See Doc. 87, pp. 17-18 ("**IT IS ORDERED** that all objections to the class action settlement lodged by class member E. Gary Torelli are **OVERRULED**, with the exception of his objection regarding the reasonableness of Class Counsel's request for attorney fees, as this objection will be addressed by the Court when it rules at a later date on Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards (Doc. 51).").

Now that the matter of Class Counsel's fees and costs is ripe for consideration, the Court will address Mr. Torelli's objection in the context of the Court's analysis as to an appropriate award of fees and costs. For the reasons described herein, the Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards (Doc. 51) and Supplemental Motion for Fees (Doc. 89) are **GRANTED IN PART AND DENIED IN PART**.

## I. DISCUSSION

### A. Calculation of Costs

During the hearing on final approval of the Class Settlement Agreement, the Court requested that Class Counsel provide additional records to itemize the costs and expenses claimed. In particular, the Court asked Class Counsel to separate travel expenses into

separate categories so that the Court could fairly evaluate the claimed expenses for reasonableness. The updated Supplemental Declarations (Doc. 89-2) provide the level of detail that the Court requested.

Turning to each individual attorney's itemization of costs and expenses, the Court notes to begin with that Class Counsel did not retain experts to review the thousands of lease contracts and royalty stubs at issue in the case, nor did they employ experts to perform an assessment of the potential damages at stake. The Cambiano Objectors[1] brought this issue to the Court's attention during the final approval hearing, seeking to use it as an example of how Class Counsel failed to diligently prosecute this case. Class Counsel explained at the hearing that in order to keep costs down, the experienced staff and attorneys of the multiple law firms involved in the case took on the role of "experts," and were fully capable of reviewing all the gas leases by hand and performing accurate damage assessments. In the end, the Court was persuaded by Class Counsel's reasoning and finds that many of the claimed costs and expenses on Class Counsel's billing and expense records reflect the work that the attorneys and their staff actually put into the case, and chose not to outsource to experts, which potentially saved money in the long run.

The Court has scrutinized the costs submitted by Class Counsel and has performed a line-by-line assessment for reasonableness as to each and every cost that was claimed. Each attorney's costs appear reasonable to the Court, with the exception of a $528 charge

---

[1] The "Cambiano Objectors" are Pinion Energy Company, Charter Land Company, LLC, Petit Jean Land Company, LLC, Mark Cambiano, The Haroldine H. Hammond Living Trust, The Mary E. Hammond Living Trust, and Paraclifta Land and Minerals, Limited Partnership.

for limousine service apparently shared by four attorneys who attended the mediation in Oklahoma City in January of 2016. *See* Doc. 89-2, p. 19. This cost was claimed by attorney Don Barrett, who was one of the four who attended the mediation. The Court finds that hiring a limousine service was unreasonable under the circumstances, and will reduce this cost to $200, an amount appropriate for taxicab or Uber service in and around Oklahoma City during the relevant time period.

Accordingly, the Court awards: $5,164.04 to the Thrash Law Firm, P.A.; $6,411.31 to the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP; $14,497.82 to the law firm of Graves Warner PLC; $2,167.01 to the law firm of Shults and Brown, LLP; $9,654.32 to the law firm of Daniel, Coker, Horton & Bell, P.A.; and $3,969.13 ($4,297.13 in claimed costs, minus a $328 deduction for the excessive cost of limousine service) to the Barrett Law Group, P.A.

The Court further awards $62,688.26 to Class Counsel to be used to reimburse the Claims Administrator for its services, and $2,500 to reimburse the Tax Administrator for its services. As for the claimed amount of $36,216.59 in "Assessment Fund Expenses," the only documents that support this total are found in attorney Don Barrett's first Declaration (Doc. 51-1, pp. 16, 19-20). Based on these documents, it appears that several of the law firms involved in representing the Class deposited money into a designated litigation fund, all totaling $36,000. *See id.* at p. 19. The attorneys then drew upon the litigation fund from November 24, 2014, to July 18, 2016, in the total amount of $35,758.75. *See id.* at p. 20. There is no documentation to support Class Counsel's request for $36,216.59 for reimbursement of expenses from this fund. Therefore, Class Counsel will receive only

$35,758.75 in Assessment Fund Expenses. In total, the amount of reasonable costs and expenses awarded to Class Counsel is $142,810.64.

### B. Calculation of Fees and Incentive Awards

Class Counsel request an award of fees in an amount equal to one-third of the total Settlement Fund, after expenses are subtracted and paid from the Fund. Here, the Settlement Fund is $3,250,000, as per the Class Settlement Agreement (Doc. 36-1). The Court has found that the expenses to be awarded to Class Counsel are $142,810.64. *See* Section I.A., *supra*. Once those expenses are subtracted from the Settlement Fund, what remains is $3,107,189.36. One-third of the remaining total is $1,035,729.79, and this appears to be the amount that Class Counsel believes is reasonable for the Court to award. Class Counsel also request a $5,000 incentive award for each Class Representative, to be paid from the net Settlement Fund after fees and expenses are distributed.

An award of attorney fees is committed to the sound discretion of the district court. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999); *see also* Fed. R. Civ. P. 23(h). In the Eighth Circuit, "[i]t is well established . . . that a district court may use the 'percentage of the fund' methodology to evaluate attorney fees in a common-fund settlement." *Petrovic*, 200 F.3d at 1157. The reasonableness of a fee award may be double-checked by calculating the fee using a "lodestar" approach and then comparing the two figures. Calculating the lodestar involves adding the attorney hours billed to the case, then multiplying those hours by a rate that is appropriate, given the experience of the attorneys and the prevailing rate charged in the area for similar legal services. *Id.* Other

factors that may guide a court in considering the reasonableness of a fee request are found in the Arkansas Supreme Court case of *Chrisco v. Sun Industries, Inc.*, as follows: (1) the amount of time counsel invested in the lawsuit; (2) the appropriateness of counsel's rates, given the experience and ability of the attorneys; (3) the time and labor required to perform the legal services properly; (4) the amount potentially at issue in the case; (5) the results obtained; (6) the novelty and difficulty of the issues involved; and (7) the prevailing rate customarily charged in the area for similar legal services. 304 Ark. 227, 229-30 (1990) (cited to with approval by *G&K Servs. Co., Inc. v. Bill's Super Foods, Inc.*, 766 F.3d 797, 801 (8th Cir. 2014)).

Class Counsel, who are eight experienced attorneys representing six separate law firms located in Arkansas, Mississippi, and New York, initially submitted Declarations in support of their request for fees that summarized the hours that they, their partners and associates, and their paralegals billed to this case. *See* Doc. 51-1. The hourly rates that were originally claimed by Class Counsel were extremely wide-ranging, to say the least. For example, on the high end of the spectrum, attorney Thomas P. Thrash of Little Rock, Arkansas, originally claimed an hourly rate of $700, while his partner Marcus N. Bozeman billed out at $500 per hour; Larry D. Moffett of Oxford, Mississippi, also claimed an hourly rate of $700 and a paralegal rate of $150 per hour; Don Barrett of Lexington, Mississippi, claimed an eye-popping rate of $825 per hour, while his partner, Brian Herrington, claimed a slightly more modest rate of $425 per hour; and Daniel E. Seltz of New York, New York claimed a rate of $605 per hour, while his five paralegals claimed rates ranging from $335 to $345 per hour. On the lower end of the spectrum, attorney Matthew H.P. Warner of Little Rock, Arkansas, requested a rate of $325 per hour; Debra Kay Brown, also of Little

Rock, billed out at $300 per hour; and Ms. Brown's partner, Steven T. Shults, charged $350 per hour.

Bearing in mind that this case was filed in the Fort Smith, Arkansas division of the Western District of Arkansas, the prevailing rate the Court should use when performing the lodestar calculation is the rate ordinarily charged by attorneys who practice in the area where the case was filed—that is, in the Fort Smith/River Valley region of Arkansas. In the Court's estimation, the average rate that an experienced attorney specializing in complex litigation in the Fort Smith area would charge is approximately $300 per hour. That rate will therefore be used in calculating the lodestar for Class Counsel in this case.[2]

Turning to the rate that would be reasonable to charge for paralegal services, the Court finds that the relevant legal market supports a range of $40 to $75 per hour, depending on the experience and skill-level of the paralegal in question. Unfortunately, Class Counsel only provided the Court with their paralegals' names and neglected to state any information about the paralegals' experience and qualifications, much less any proof

---

[2] The Court notes that during the final approval hearing on September 26, 2016, the Court questioned Mr. Thrash, who was designated to speak on behalf of all Class Counsel, as to why the billing rates submitted to the Court by his co-counsel were so disparate, particularly in view of the Court's obligation to perform a lodestar cross-check and assess a reasonable rate for *all* Class Counsel based on the prevailing rate customarily charged *in the area where the case was brought*. It appears Mr. Thrash communicated the Court's concerns to his colleagues, and on December 16, 2016, all eight attorneys submitted Supplemental Declarations (Doc. 89-2) in which they revised their collective billing rate to $350 per hour. The Court appreciates Class Counsel's effort to present it with a uniform hourly rate that is much closer to "reasonable" than the other rates originally claimed; however, as Class Counsel failed to attach any affidavits or other proof that would show why $350 per hour is an appropriate hourly rate under the circumstances, the Court was obliged to draw upon on its own knowledge of the Fort Smith/River Valley legal market and make its own assessment of a reasonable rate.

of the local prevailing rates. In the absence of such information, the Court finds that a reasonable rate for these paralegals' time is $65 per hour.

Next, the Court must multiply the claimed number of attorney hours by the reasonable hourly rate. Class Counsel have attested that in this case, they have accrued 3,311.65 hours, in the aggregate. Although counsel have not provided an itemization that would be required in other contexts, the Court finds their sworn representations to be reasonable, given the heavy demands involved in litigating this complex case over a number of years. Multiplying 3,311.65 hours by an hourly rate of $300 yields an attorneys' fee of $993,495. To that total is added $13,032.50 in fees for paralegal services, which is calculated by multiplying 200.50 hours of paralegal time by the reasonable rate of $65 per hour. The combined fee for both attorney and paralegal time, using the lodestar approach, is therefore $1,006,527.50. This amount is only $29,202.29 less than $1,035,729.79—or one-third of the Settlement Fund, after expenses are subtracted.

The lodestar cross-check indicates that Class Counsel's request for a fee equivalent to one-third of the Settlement Fund is reasonable. Class Counsel undertook significant risks in representing the Class on a contingent-fee basis. Given the amount of time Class Counsel invested in the lawsuit, the difficulty of the issues involved, and the successful outcome that was negotiated on behalf of the Class, the Court will award attorneys' fees in the total amount of $1,035,729.79. The Court will also award $5,000 in incentive awards to each of the Class Representatives: Billy C. Looney, Goodwin & Herman Associates, LLC, and Siloam Minerals, LLC.

### C. Mr. Torelli's Objection

Class member Torelli states in both his first written Objection to the Class Settlement Agreement (Doc. 63) and his Supplemental Objection (Doc. 76) that he believes the amount of fees claimed by Class Counsel is too high, and that the Court should reduce the fees to somewhere around 10% of the total Settlement Fund. Mr. Torelli, who represents himself *pro se*, does not elaborate as to why 10% of the Settlement Fund is appropriate, but 33.3% is too much.

The Court is sympathetic to Mr. Torelli's concern that Class Counsel's fee request certainly appears high, at least without context. A fee award of more than $1 million is rare, but not necessarily unusual in complex cases of this nature. The resolution of the claims was achieved through the efforts of multiple attorneys who fronted their costs in the hope that they might be paid at some point in the future. Class counsel were not guaranteed payment. Further, this case was contested by Defendants at every turn, from the discovery phase, to dispositive motion practice, to multiple in-court hearings, to a day-long mediation session. Had Class Counsel been retained on an hourly basis, they would have billed approximately the same amount in total. The small premium awarded here is actually less-than-commensurate with the risk Class Counsel assumed. Awarding Class Counsel one-third of the Settlement Fund in compensation for their efforts in this case is fair and reasonable. *Cf. Barfield v. Sho-Me Power Elec. Coop.*, 2015 WL 3460346, at *4 (W.D. Mo. June 1, 2015) (collecting cases from the Eighth Circuit in which courts found that one-third of the common settlement fund was a reasonable attorneys' fee, plus

separate reimbursement for costs). Accordingly, Mr. Torelli's objection as to the amount of attorneys' fees and costs is **OVERRULED**.

## II. CONCLUSION

**IT IS ORDERED** that the Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards (Doc. 51) and Supplemental Motion for Fees (Doc. 89) are both **GRANTED IN PART AND DENIED IN PART**, in that Class Counsel are awarded **$142,810.64** in costs and expenses and **$1,035,729.79** in fees.

**IT IS FURTHER ORDERED** that Class Representatives Billy C. Looney, Goodwin & Herman Associates, LLC, and Siloam Minerals, LLC, each be awarded an incentive fee of **$5,000**.

**IT IS FURTHER ORDERED** that any appeal or challenge of the Court's approval of an award of fees and expenses shall in no way disturb or affect the finality of the Order of Final Approval and Judgment entered with respect to the Class Settlement Agreement.

**IT IS FURTHER ORDERED** that Mr. E. Gary Torelli's written objections (Docs. 63, 76) as to the amount of attorneys' fees and costs requested by Class Counsel are **OVERRULED**.

**IT IS SO ORDERED** on this 13th day of January, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE